448 F.Supp. 710 (1978)
Gail Richmond Barth, Bankrupt.
Gail Richmond BARTH, Plaintiff,
v.
Norma BARTH, Defendant.
No. 77-1259C(4).
United States District Court, E. D. Missouri, E. D.
March 31, 1978.
*711 Robert A. Crowe, St. Louis, Mo., for plaintiff.
Leslie A. Davis, St. Louis, Mo., William K. Teeguarden, Terre Haute, Ind., for defendant.

MEMORANDUM
FILIPPINE, District Judge.
This is an appeal pursuant to Bankruptcy Rule 806 from the Order of the Bankruptcy Court. Jurisdiction of this Court is founded on 28 U.S.C. § 1334. The findings of fact of the Bankruptcy Judge are hereby adopted.
Appellant Bankrupt raises one issue on this appeal, whether the Bankruptcy Judge was correct in characterizing a settlement agreement between the bankrupt and his former wife as creating a non-dischargeable debt. Appellant's wife was sued for debts incurred during the marriage. She subsequently won a judgment in the Indiana State Court against bankrupt over these debts. It is this judgment which is in issue here.
Under § 17(a)(7), 11 U.S.C. § 35(a)(7), if the intent of the agreement between the husband and wife was to provide maintenance or support, the debt is non-dischargeable. If the agreement was a property settlement, that debt is dischargeable. Nichols v. Hensler, 528 F.2d 304 (7th Cir. 1976).
The relevant portions of the agreement read as follows:
"3. Division of Property. In full settlement of all property rights, the parties hereto agree to the following division of their real and personal property.
(a) That the Wife shall be declared the sole owner of the real estate located at 3321 Broadlands Road, City of Terre Haute, County of Vigo, State of Indiana, and that the Wife shall assume any and all indebtedness owed on said real estate to the Indiana State Bank. The Husband shall execute and release any and all right, title, and interest he presently possesses in said real estate to the Wife. The Wife shall hold the Husband harmless from any indebtedness on said real estate. Further Husband agrees to assume the parties' debt owed to Allen and Steen.
(b) That the Wife is hereby declared sole owner of any and all household goods, furniture and furnishings owned by the parties.
(c) That the Husband is hereby declared sole owner of the 1973 Thunderbird automobile of the parties, and Husband hereby agrees to assume the debt owing on said automobile to GMAC Credit Corporation.

*712 (d) That the Husband is hereby declared sole owner of the 1974 Scott motor boat owned by the parties, and Husband hereby agrees to assume the debt on said boat to Associates Finance.
(e) That the parties each shall own as their separate property any and all personal effects such as clothing, jewelry, etc. now in their possession.
(f) That the Husband hereby agrees to assume as his sole debt The parties debt to Bank Americard Corp. The Wife hereby agrees to assume as her sole debt the parties debt to Grants and Interstate Credit Corp.
"4. Mutual Releases. In consideration of all the promises contained in this agreement, Husband and Wife hereby release all claims and rights which either ever had, now has, or might have hereafter, against the other by reason of their former relationship as Husband and Wife, or otherwise, excepting all of the claims and rights of each party created and outstanding against the other pursuant to the terms of this agreement. It is the intent hereof that each party accepts the provisions of this agreement in full release and settlement of any and all claims and rights against the other. It is the further agreement of the parties that the provisions of this agreement shall inure to the benefit of, and be binding upon the heirs, executors, administrators, and personal representatives of the parties. . . .
"7. Entire Agreement. Each party hereto acknowledges that no representations of any kind have been made to him or her as an inducement to enter into this settlement agreement, other than the representations set forth herein, and that this agreement constitutes all of the terms of the contract between said parties."
The debts upon which bankrupt's wife sued were the amount owed to Allen and Steen, the amount owed to GMAC, and a sum for unpaid Indiana State Income Tax incurred when bankrupt and his wife filed joint returns.
The Indiana statute which provides for separation agreements, Ind. Code § 31-1-11.5-10 (Burns Supp.1975), allows for both maintenance and division of property arrangements in such agreements. The crucial question is whether the agreement was intended to provide support for the wife or to be a property settlement.
From this Court's reading of the agreement, it is convinced that it is a property settlement. While any debt which the husband assumes may be said to be for the "support" of the wife, the agreement is clearly a division of the property and debts.
Accordingly, the Order of the Bankruptcy Judge is REVERSED, and this matter is remanded for further proceedings.