**In the Matter of Robert Isaac LYNN, Debtor.**

**Bonnie Marie RYAN, Stephen H. Roth, Plaintiffs,**

v.

**Robert Isaac LYNN, Defendant.**

**Bankruptcy No. 2–81–00712.**

**Adv. No. 2–81–0620.**

United States Bankruptcy Court, D. Connecticut.

March 8, 1982.

Robert U. Sattin, Hartford, Conn., for plaintiffs.

Aaron L. Gersten, Hartford, Conn., for defendant.

MEMORANDUM AND DECISION

ROBERT L. KRECHEVSKY, Bankruptcy Judge.

This matter has been submitted to the court for determination based on admissions to certain paragraphs of the complaint and a stipulation of facts.

I.

Robert Isaac Lynn, the debtor, who filed his voluntary chapter 7 petition on July 6, 1981, is the defendant in a complaint brought by two creditors, his former spouse, Bonnie Marie Ryan (Ryan), and her attorney, Stephen H. Roth (Roth). Ryan and Roth object to the discharge of the debtor on the ground that he "knowingly and fraudulently" made the following false oath:

Under penalty of perjury, he certified his schedules ... were true and correct to the best of his knowledge, information and belief, when in truth and fact, as he then well knew, his schedules omitted any reference to Defendant's medical school degree or license to practice medicine, valuable assets of the estate.[1]

The background to this unusual objection is as follows. The debtor and Ryan were married in 1971 while the debtor was in medical school. The parties separated in 1976, and a divorce decree was issued on December 12, 1979 in New Jersey. Thereafter, the New Jersey court rendered an opinion [2] on December 5, 1980, finding, in "a case of first impression in New Jersey," that the debtor's medical degree and license to practice medicine were "property" and hence "subject to equitable distribution." [3] The court concluded that the license and medical degree had a "current value" of $306,886.00 and awarded Ryan twenty percent thereof, or $61,377.20, payable in semi-annual installments over the next six years. Ryan and Roth claim that the debtor should have scheduled his medical degree and license to practice medicine as property, thereby subjecting them "to the bankruptcy law process." (Brief for Plaintiff at 12). While the debtor did not so schedule his medical degree and license, his statement of affairs indicated that he practiced medicine as a physician in Wethersfield and Hartford, Connecticut.

## II.

Without questioning the reasoning of the New Jersey court in determining what constitutes "property" subject to equitable distribution under New Jersey law, I find that the debtor's medical degree and license are not property for purposes of bankruptcy law. Section 541 of the Bankruptcy Reform Act of 1978 contains a fulsome description of what constitutes property of the estate.[4] In subsection (a)(6),

---

**1.** In pertinent part, 11 U.S.C. § 727(a)(4) provides that "[t]he court shall grant the debtor a discharge unless ... the debtor knowingly and fraudulently, in or in connection with the case ... made a false oath or account ...."

**2.** *Lynn v. Lynn*, Docket No. M–9842–77, Bergen County (Super.Ct.Ch.Div.1980).

**3.** N.J.Stat.Ann. 2A:34–23 (West 1981) provides that

> In all actions where a judgment for divorce or divorce from bed and board is entered, the court may make such award or awards to the parties, in addition to alimony and maintenance, to effectuate an equitable distribution of the property, which was legally and beneficially acquired by them or either of them during the marriage.

Judge Krafte acknowledged that his opinion represented a change in the New Jersey law:

> It is clear that to *include* an educational degree and/or a professional license in the definition of "property" would be to take a further step into a hitherto uncharted area. But the dynamics of the law of this State not only permit but encourage such extraordinary expeditions so as to prevent the extraordinary injustices which a traditional adherence to past definitions would require. Traditional concepts of property must be abandoned to embrace today's developmental concepts of equity, of fairness, and of equitable distribution. New Jersey is a dynamic, developing, daring state, seeking just solutions to equitable distribution problems.

*Lynn, supra,* at 24.

**4.** *11 U.S.C. § 541. Property of the estate*

(a) The commencement of a case under section 301, 302, or 303 of this title creates an estate. Such estate is comprised of all the following property, wherever located:

(1) Except as provided in subsections (b) and (c)(2) of this section, all legal or equitable interests of the debtor in property as of the commencement of the case.

(2) All interests of the debtor and the debtor's spouse in community property as of the commencement of the case that is—

(A) under the sole, equal, or joint management and control of the debtor; or

(B) liable for an allowable claim against the debtor, or for both an allowable claim against the debtor and an allowable claim against the debtor's spouse, to the extent that such interest is so liable.

(3) Any interest in property that the trustee recovers under section 543, 550, 553, or 723 of this title.

(4) Any interest in property preserved for the benefit of or ordered transferred to the estate under section 510(c) or 551 of this title.

(5) An interest in property that would have been property of the estate if such interest had been an interest of the debtor on the date of the filing of the petition, and that the debtor acquires or becomes entitled to acquire within 180 days after such date—

(A) by bequest, devise, or inheritance;

Congress has specifically excluded "earnings from services performed by an individual debtor after the commencement of the case" from the definition of property included in the estate. A medical degree and license to practice medicine are related to a debtor's future earning ability and are not susceptible to conversion into money for distribution to creditors. The cases cited by the plaintiffs, which generally hold that the Bankruptcy Reform Act has expanded the concept of property of the estate, do not approach the concept of property urged in this proceeding.[5] The holding of the New Jersey court that the medical degree and license are property under New Jersey law is not binding on a bankruptcy court.

> [W]here the Bankrupt Law deals with property rights which are regulated by the state law, the federal courts in bankruptcy will follow the state courts; but when the language of Congress indicates a policy requiring a broader construction of the statute than the state decisions would give it, federal courts cannot be concluded by them.

*Bd. of Trade of Chicago v. Johnson*, 269 U.S. 1, 10, 44 S.Ct. 232, 234, 68 L.Ed. 533 (1924). *See also Segal v. Rochelle*, 382 U.S. 375, 86 S.Ct. 511, 15 L.Ed.2d 428 (1966); *cf. Hisquierdo v. Hisquierdo*, 439 U.S. 572, 581, 99 S.Ct. 802, 808, 59 L.Ed.2d 1 (1979). Nothing in the Bankruptcy Reform Act overrides this principle. As noted in 4 *Collier on Bankruptcy* ¶ 541.02 at 541–12 (15th ed. 1981), "[a]lthough the debtor's interest in an item will be determined by nonbankruptcy law, the question of what constitutes property within the meaning of section 541 apparently remains a federal question."

### III.

I make the further finding that, in any event, the debtor's failure to list his medical degree and license as property does not amount to a false oath knowingly and fraudulently made. He had adequate reasons for believing that his medical degree and license were not property and should not be scheduled as such. He was so advised by counsel who represent him in this case.

The objections to the discharge of the debtor are denied, and judgment may enter for the defendant.

---

(B) as a result of a property settlement agreement with the debtors' spouse, or of an interlocutory or final divorce decree; or

(C) as a beneficiary of a life insurance policy or of a death benefit plan.

(6) Proceeds, product, offspring, rents, and profits of or from property of the estate, except such as are earnings from services performed by an individual debtor after the commencement of the case.

(7) Any interest in property that the estate acquires after the commencement of the case.

5. The plaintiffs cite the following cases as examples of how far the concept of property has been expanded under the Bankruptcy Reform Act: *In re Lamping*, 12 B.R. 38 (Bkrtcy., E.D. Wis.1981) (liquor license held property of the estate); *In re Scanlon*, 10 B.R. 245, 7 B.C.D. 538 (Bkrtcy., S.D.Cal.1981) (accrued rights of debtor from fully performed personal service contract held property of the estate); *In re Musgrove*, 7 B.R. 892 (Bkrtcy., W.D.Va.1981) (personal injury cause of action held property of the estate subject to exemption); *In re Gibbs*, 9 B.R. 758, 7 B.C.D. 445 (Bkrtcy., D.Conn.1981) (occupancy interest in rented premises held property of the estate); *In re Pickus*, 8 B.R. 114 (Bkrtcy.; D.Conn.1980) (occupancy interest in rented property held property of the estate).