In re Barry W. RAFF, Debtor.

Anne ZAERA, Plaintiff,

v.

Barry W. RAFF, Defendant.

Bankruptcy No. 87 B 20398.
No. 88 Adv. 6053.

United States Bankruptcy Court,
S.D. New York.

Nov. 18, 1988.

**42**

Jeffery L. Sapir, Hartsdale, N.Y., for debtor.

Nachamie, Kirschner, Levine & Spizz, P.C., New York City, for Anne Zaera.

## ADVERSARY PROCEEDING SEEKING A DETERMINATION OF NONDIS-CHARGEABILITY OF A DEBT

HOWARD SCHWARTZBERG,
Bankruptcy Judge.

The plaintiff, the debtor's estranged wife, seeks a determination by this court that the distributive award afforded her pursuant to New York Domestic Relations Law § 236[B] is nondischargeable in compliance with 11 U.S.C. § 523(a)(5). The debtor argues that this distributive award is not in the nature of alimony, maintenance or support, but is actually a property settlement which is dischargeable under 11 U.S.C. § 523(a). This distributive award from a state court, is based upon the present value of the debtor's medical degree and license which he pursued and obtained during his marriage with the plaintiff.

## FACTUAL BACKGROUND

The parties have stipulated to the following facts [Ex. B]:

1. The plaintiff and defendant were married on June 15, 1974. Prior to marrying, the parties had been living together in the plaintiff's apartment since the spring of 1973.

2. The debtor graduated from the Columbia University School of Engineering in June of 1964 with a Bachelor of Science degree and obtained a Master of Science degree from Columbia University in June of 1967.

3. At the time the parties met in the winter of 1972, the defendant was employed at the Bulova Watch Company. During the year that the parties lived together prior to marrying, the debtor was unemployed.

4. The plaintiff had been employed at AT & T as a programmer for approximately five years prior to the date of her marriage.

5. The parties had decided prior to marriage that the debtor would apply to medical school. Approximately six months before the commencement of the marriage the debtor applied to various medical schools. Because he was not accepted to a medical school in the United States, he entered into a medical school in Switzerland in September of 1974.

6. The plaintiff and debtor moved to Switzerland. The plaintiff acquired various forms of employment while in Switzerland and generally supported the debtor.

7. The debtor was accepted at Boston University Medical School to complete his medical degree. The parties moved to Boston and the debtor commenced his studies at Boston University in October 1976.

8. In July 1982, the debtor commenced employment with Dr. Burton D. Robinson. In the latter part of 1982, the debtor took the examinations for Board Certification in internal medicine and became Board Certified in January 1983.

9. In February of 1983 the debtor commenced an action for divorce.

10. On June 26, 1987 and August 3, 1987, Justice Gerard E. Delaney of the Supreme Court, Westchester County, rendered a decision and supplemental judgment awarding the plaintiff a distributive award in the amount of $178,538, representing 25 percent of the present value of the debtor's medical degree. The award is to be paid as follows:

| | |
|---|---|
| August 30, 1987 | $22,500 |
| January 30, 1988 | $12,500 |
| January 30, 1989 | $15,000 |
| January 30, 1990 | $20,000 |
| January 30, 1991 | $25,000 |
| January 30, 1992 | $25,000 |
| January 30, 1993 | $25,000 |
| January 30, 1994 | $33,538 |

11. To insure that these payments will be made, the court directed the debtor to keep and maintain a life insurance policy on his life for the benefit of the plaintiff in the amount of the unpaid balance due to the plaintiff.

12. The debtor filed a Chapter 7 petition on August 21, 1987.

## DISCUSSION

In seeking a determination that her distributive award is nondischargeable, the plaintiff asserts that the bankruptcy court does not have jurisdiction to adjudicate this matter. Initially, the plaintiff argues that because a professional degree is not considered property of the estate, *See In re Lynn*, 18 B.R. 501 (Bankr.D.Conn.1982), this court should conclude that any interest in the license is not subject to alienation by discharge. The plaintiff asserts that because Congress has barred the bankruptcy court from including earnings from services performed by an individual debtor after the commencement of the case as an asset of the estate, then it follows that Congress has also barred the bankruptcy court from ruling on claims which are vested in, and inseparable from, that asset. The plaintiff reasons that a bankruptcy court should not assume jurisdiction over a matter that does not involve the administration of, or property of, the estate citing *In re Ennis*, 50 B.R. 119, 121 (Bankr.D.Nev.1985) and *In re Palmer*, 78 B.R. 402, 405 (Bankr.E.D.N.Y. 1987). Therefore, the plaintiff argues that

because the medical license or degree is not property of the estate, the bankruptcy court may not assert jurisdiction over the issue of the dischargeability of the debt derived from this degree. Additionally, the plaintiff also claims that the debtor filed for bankruptcy subsequent to the entering of the state court's order vesting the plaintiff's equitable distribution rights and therefore the adjudged property is beyond the reach of the trustee and outside the jurisdiction of the bankruptcy court.

■ This court concurs with the *Lynn* court that the medical degree or license is not property of the estate. As with any property which is not property of the estate pursuant to 11 U.S.C. § 541, the fact that a medical license is not property of the estate only precludes a pro rata distribution of this property to the debtor's creditors. This finding however has absolutely no affect upon this court's jurisdiction to determine the dischargeability of a debt derived and payable from property not subject to the administration of this court.

■ For the purposes of 11 U.S.C. § 523(a)(5), it is irrelevant that a matrimonial support obligation was awarded by a state court to be paid after the filing of a bankruptcy petition. Under 11 U.S.C. § 502(b)(5), which deals with allowable claims for distribution purposes, nondischargeable, unmatured support claims are not allowable against assets of the estate and may only be asserted against the debtor personally from property acquired postpetition. However, this does not mean this court is deprived of determining the dischargeability of support debts under 11 U.S.C. § 523(a)(5). Accordingly, an adversary proceeding to determine the dischargeability of a debt, as distinguished from its allowability, is a core proceeding over which this court has jurisdiction pursuant to 28 U.S.C. § 157(b)(2)(I).

In the alternative, the plaintiff argues that because of her equitable interest in the debtor's medical degree, as determined by the state court, a constructive trust was created so that discharge of this trust would deny the plaintiff that asset which is rightfully hers and would reward the debt-

or with the fruits of his exploitation. This court does not need to determine whether or not the plaintiff has an interest in a constructive trust by virtue of the distributive award derived from the debtor's medical degree, because the existence of such a trust would not affect the dischargeability of the debt. The existence of a constructive trust protects the assets in the trust for the benefit of the creditor for whom the trust was formed. If a constructive trust exists the assets of that trust could not be distributed pro rata to the debtor's other creditors but would be held for the beneficiary of that trust. *In re Richmond Children's Center,* 49 B.R. 262 (S.D.N.Y.1985). The legislative history of 11 U.S.C. § 541 explains how a constructive trust is formed and its affect on whether or not the assets in that trust are property of the estate:

> Situations occasionally arise where property ostensibly belonging to the debtor will actually not be property of the debtor, but will be held in trust for another. For example, if the debtor has incurred medical bills that were covered by insurance, and the insurance company had sent the payment of the bills to the debtor before the debtor had paid the bill for which the payment was reimbursement, the payment would actually be held in a constructive trust for the person for whom the bill is owed.

H.R.Rep. No. 595, 95th Cong., 1st Sess. 368 (1977); S.Rep. No. 989, 95th Cong., 2d Sess. 82 (1978), *reprinted in,* 1978 U.S. Code Cong. & Ad. News 5787, 5868, 6324. The existence of a constructive trust would only protect a beneficiary creditor from having the money in trust applied to the benefit of other creditors. Therefore, a determination that a debtor is obligated under a constructive trust for the benefit of the specific creditor is not controlling as to whether or not that debt is dischargeable.

*Alimony, Maintenance and Support*

Having concluded that this court has jurisdiction to determine the dischargeability of the plaintiff's claim, it must next be ascertained if the state court award she received, representing a percentage of the present value of the debtor's medical degree, is in the nature of alimony, maintenance, or support which is non-dischargeable pursuant to 11 U.S.C. § 523(a)(5). The debtor argues that this is a property settlement and is dischargeable under 11 U.S.C. § 523. A determination of whether a distributive award attributable to a professional degree or license is a property settlement or alimony pursuant to 11 U.S.C. § 523(a)(5) is a novel issue.

The controlling statute is 11 U.S.C. § 523(a)(5), which provides,

> (a) A discharge under 727, ... of this title does not discharge an individual debtor from any debt—
>
> \*     \*     \*     \*     \*     \*
>
> (5) to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce, decree or other order of a court of record, determination made in accordance with State or territorial law by a governmental unit, or property settlement agreement, but not to the extent—
>
> \*     \*     \*     \*     \*     \*
>
> (B) such debt includes a liability designated as alimony, maintenance, or support, unless such liability is actually in the nature of alimony, maintenance, or support;

Although a debtor files for bankruptcy to acquire a "fresh start", the interest in a fresh start is a matter of federal bankruptcy policy that Congress considered, but resolved in favor of debtors' spouses when it enacted § 523(a)(5). Accordingly, if the payment called for is for alimony, maintenance or support, the debt is nondischargeable, but if the payment or settlement agreement required under a state court order is strictly a property settlement, the debt is dischargeable. *In re Singer,* 787 F.2d 1033, 1034 (6th Cir.1986); *In re Bedingfield,* 42 B.R. 641, 645 (S.D.Ga.1983); 124 Cong Rec H11096 (daily ed. Sept. 28, 1978): 124 Cong.Rec. S17412 (daily ed. Oct. 6, 1978).

■ Although the parties did not raise this issue, this court is concerned as to the whether the reference to the phrase "property settlement or agreement" implies that dischargeable property obligations are those which arise exclusively from consensual agreements or settlements between spouses in state court matrimonial actions. However, this court concludes that the bankruptcy court's application of the "alimony, maintenance or support versus the property settlement or agreement test" does not turn upon whether a spouse's payment obligations to the other spouse came about as a result of a voluntary agreement between the spouses or by virtue of a state court jury or judicial award. *See Goss v. Goss*, 722 F.2d 599 (10th Cir. 1983) (State court judgment); *In the Matter of Hall*, 51 B.R. 1002 (S.D.Ga.1985) (Jury award); *In re Bedingfield*, 42 B.R. 641 (S.D. Ga.1983) (Consensual separation agreement); *In the Matter of Karen Ann Stranathan*, 15 B.R. 223 (Bankr.D.Neb. 1981) (State court judgment). These cases reflect that courts apply the "alimony, maintenance and support versus property settlement or agreement test" to matrimonial obligations decided by a jury or judge in a state court action or by consensual settlements or agreements. If only consensual property settlements or agreements were dischargeable, there would be a greater incentive for spouses to pursue matrimonial litigation for fear that a consensual agreement involving a property settlement could be discharged, whereas a judicial or jury determination involving property rights would not be dischargeable because it was not consensual.

In determining the nature of a spouse's obligation under a divorce decree, a court must conclude whether payments constitute alimony, maintenance or support pursuant to the bankruptcy laws, rather than state laws. *In re Goin*, 808 F.2d 1391 (10th Cir.1987); *In re Singer* 787 F.2d 1033 (6th Cir.1986); *In re Harrell*, 754 F.2d 902 (11th Cir.1985); *Shaver v. Shaver*, 736 F.2d 1314, 1316 (9th Cir.1984); *Erspan v. Badgett*, 647 F.2d 550, 555 (5th Cir. Unit A 1981); *In re Hall*, 51 B.R. 1002, 1004 (S.D. Ga.1985); H.R.Rep. No. 95–595, 95th Cong., 1st Sess. 364 (1977). Although Congress intended that federal law, not state law, should control the determination of when a debt is in the nature of alimony or support, it does not necessarily follow that state law must be ignored completely. *In re Calhoun*, 715 F.2d 1103 (6th Cir.1983). In the *Calhoun* case the court stated:

> The underlying obligation to provide support in the first place is necessarily determined by state law. The federal bankruptcy courts are obviously not empowered to create an obligation to support where it did not previously exist. Moreover, there is "no federal law of domestic relations." *DeSylva v. Ballentine*, 351 U.S. 570, 580 [76 S.Ct. 974, 980, 100 L.Ed. 1415] (1956). Divorce, alimony, support and maintenance are issues within the exclusive domain of the state courts. *Boddie v. Connecticut*, 401 U.S. 371, 389 [91 S.Ct. 780, 792, 28 L.Ed.2d 113] (1971) (Black J., dissenting).

*In re Calhoun*, 715 F.2d at 1107; *In re Bedingfield*, 42 B.R. 641 (S.D.Ga.1983). Accordingly, this court must review the applicable judgment or settlement agreement resulting in the distributive award in order to construe the intent of the parties and the court, yet refer to the federal law to determine the nature of the award.

Therefore, this court must determine whether the award to the plaintiff of a present value interest in the debtor's medical degree and license is in the nature of a dischargeable property settlement or is nondischargeable as spousal support. Although the state court characterized the award to the plaintiff as a distributive award pursuant to New York Domestic Relations Law (DRL) § 236(B)(5), a characterization of a divorce debt as a property settlement or support is a question of federal bankruptcy law for the purposes of 11 U.S.C. § 523(a). A bankruptcy court is not bound by a state court's characterization. *In re Williams*, 703 F.2d 1055 (8th Cir. 1983). A bankruptcy court should not merely rely on language in a separation agreement or judicial decision to determine the nature of the obligation. A court should examine the intent behind the award

and look to whether the assumption has the effect of providing support. *In re Calhoun*, 715 F.2d 1103.

The state court decisions awarding the plaintiff a percentage of the present value of a spouse's professional degree describe these awards as distributive awards. A distributive award is defined as,

> payments provided for in a valid agreement between the parties or awarded by the court, in lieu of or to supplement, facilitate of effectuate the division or distribution of property where authorized in a matrimonial action, and payable either in a lump sum or over a period of time in fixed amounts.

DRL § 236(B)(1)(b). In *O'Brien v. O'Brien*, 66 N.Y.2d 576, 498 N.Y.S.2d 743, 489 N.E.2d 712 (Ct.App.1985), the landmark opinion awarding a spouse a percentage interest in a professional degree, the Court of Appeals in affirming the Appellate Division, held that a medical degree acquired by either or both spouses during the marriage is marital property pursuant to the DRL § 236. Based upon this finding the *O'Brien* court applied the theory of equitable distribution in order to vest a spouse's right to a percentage of the present value of that degree. In discussing the essence of this marital property the *O'Brien* court stated:

> [O]ur statute recognizes that spouses have an equitable claim to things of value arising out of the marital relationship and classifies them as subject to distribution by focusing on the marital status of the parties at the time of acquisition. Those things acquired during marriage and subject to distribution have been classified as "marital property" although, as one commentator has observed, they hardly fall within the traditional property concepts because there is no common-law property interest remotely resembling marital property. "It is a statutory creature, is of no meaning whatsoever during the normal course of a marriage and arises full-grown, like Athena, upon the signing of a separation agreement or the commencement of a matrimonial action. [Thus] [i]t is hardly surprising, and not at all relevant, that traditional common law property concepts do not fit in parsing the meaning of 'marital property'" (citation omitted). Having classified the "property" subject to distribution, the Legislature did not attempt to go further and define it but left it to the courts to determine what interests come within the terms of section 236(B)(1)(c).

*O'Brien v. O'Brien*, 498 N.Y.S.2d at 746, 489 N.E.2d at 715. In seeking an equivalent marital property distributive award with which to equate the professional degree, the *O'Brien* court stated:

> We made such a determination in *Majauskas v. Majauskas*, 61 N.Y.2d 481, 474 N.Y.S.2d 699, 463 N.E.2d 15, holding there that vested but unmatured pension rights are marital property subject to equitable distribution. Because pension benefits are not specifically identified as marital property in the statute, we looked to the express reference to pension rights contained in section 236(B)(5)(d)(4), which deals with equitable distribution statue and to the legislative intent behind its enactment to determine whether pension rights are marital property or separate property. A similar analysis is appropriate here and leads to the conclusion that marital property encompasses a license to practice medicine to the extent that the license is acquired during marriage.

*O'Brien v. O'Brien*, 498 N.Y.S.2d at 746, 489 N.E.2d at 715.

With regard to the Plaintiff's distributive award, the court found that the medical degree was marital property subject to equitable distribution. As with the *O'Brien* court, the state court in the Raff divorce proceeding considered the following factors to determine the extent of the distributive award:

1. The income and property of each party at the time of the marriage, and at the time of the commencement of the divorce action;

2. The duration of the marriage and the age and health of both parties;

3. The efforts, expenditures and contributions, both monetary and otherwise, made by both parties which resulted in the debtor achieving a medical license; and

4. The probable future financial circumstances of both parties. *See Barry W. Raff v. Anne M. Raff,* Index # 4337/83, June 26, 1987 (G. Delaney, J.S.C).

When reviewing the state law cases, there is a sense of ambiguity as to whether the division of a medical license or a pension, though characterized as marital property, is in fact a property settlement for the purposes of 11 U.S.C. § 523(a)(5). In the absence of clear intent, bankruptcy courts necessarily refer to various factors present at the time the debt was incurred and at the time of bankruptcy. Included in these factors are: disparity in earning power, business opportunities, level of education, physical health, probable future need, fault in the marriage break-up, and the benefit the non-debtor spouse would have received had the marriage continued. *See In re Bedingfield,* 42 B.R. 641, 643; NORTON BANKRUPTCY LAW AND PRACTICE § 27.61 at 87. Although under state law a distributive award may appear to be in the nature of a property settlement, the issue is whether under federal law it is a property settlement.

Within this context bankruptcy courts have been confronted with applications to discharge a spouse's award of distributive awards with regard to pension funds and lump-sum alimony intended to compensate a debtor's wife for her contribution to a debtor's professional education. Although the state courts have determined that pensions and medical licenses acquired during the marriage are marital property, bankruptcy courts have determined that the distributive awards derived from this marital property are in the nature of alimony, maintenance and support and are nondischargeable, as opposed to property settlements which would be subject to dischargeability. In *In the Matter of Hall,* 51 B.R. 1002 (S.D.Ga.1985), the District Court agreed that the Georgia state court had correctly considered the debtor's pension to be marital property, divisible between the debtor and his wife and nondischargeable under 11 U.S.C. § 523(a)(5). The court stated that, not only was the pension nondischargeable because the debt was consistent with Congress' intent that a veteran's pension serve to benefit the wife, but that it was also in the nature of support under section 523(a)(5). *In the Matter of Hall,* 51 B.R. at 1004; *See In re Anderson,* 21 B.R. 335 (Bankr.S.D.Ca.1982).

In *In the Matter of Stranathan,* 15 B.R. 223 (Bankr.D.Neb.1981), the debtor's spouse was awarded a lump-sum alimony payment intended to compensate his wife for her contribution to the debtor's professional education. The court stated,

> The debtor takes the position that the lump sum alimony was intended to compensate Mrs. Atkinson for her contributions to his professional education. I find this to be the case. However, this does not mean that the award is thereby excluded from the category of alimony, maintenance or support. Almost all awards of alimony, maintenance or support are intended in part to compensate the recipient spouse for efforts and resources devoted to the marriage. The debtor also argues that Mrs. Atkinson did not need the award because she had a substantial earning capacity of her own and that any award not actually necessary to the recipient spouse's survival is not alimony, maintenance or support. I note that § 523(a)(5) does not contain a "needs" test, although a consideration of the needs of the recipient spouse at the time of the divorce would be a major factor in determining whether an award was intended to be alimony, maintenance or support or something else. However, other factors besides need may also be considered, and the efforts of a spouse toward the successful completion of the other's professional education are a classic example. I find that the award was in the nature of alimony and is nondischargeable in this proceeding.

*In the Matter of Stranathan,* 15 B.R. at 227.

■ Although the state court in the case at bar described this division of the debt-

or's medical degree as a distributive award and the *O'Brien* court describes the medical degree, or any professional degree acquired during the duration of a marriage, as marital property, this court, concurring with the *Stranathan* court, does not believe that such an award is in the nature of a property settlement, but is in fact in the nature of alimony, maintenance and support.

In this case, the distributive award is not in the nature of dividing a house or land or paying off outstanding debts to creditor's of both the spouses, which often indicate a dischargeable property settlement. *Barth v. Barth*, 448 F.Supp. 710 (E.D.Mo.1978), *aff'd* 590 F.2d 340 (8th Cir.1978); *But see In re Bedingfield*, 42 B.R. at 649. In fact, in describing a professional degree acquired during marriage, the *O'Brien* court explained that marital property did not always carry with it the traditional common-law concepts of property because there is no common-law property interest remotely resembling marital property. *O'Brien v. O'Brien*, 498 N.Y.S.2d at 746, 489 N.E.2d at 715. The marital property in this case, could never be attached by or used as collateral upon which a security interest may be filed. A determination that the division of a professional license is alimony or support would not prejudice other creditors who may not acquire a lien on that property. 11 U.S.C. § 502(b)(5). However, there is an argument to be made that if a debtor were in arrears on the payment of this distributive award and then filed bankruptcy, the nondischargeability of these arrearages would be prejudicial to the other creditors. This argument ignores the fact that the claims of other prepetition creditors will not be paid because a discharge will eliminate the debtor's obligations to his other creditors. Only other nondischargeable debts will compete for payment with spousal support and maintenance claims. Moreover, to the extent that the spousal support obligation extends to future years and for periods following the filing of the debtor's Chapter 7 petition, it will affect only the debtor's post-petition assets and earnings, which are not regarded as property of the estate under 11 U.S.C.

§ 541(a)(1) and (6). Therefore, the debtor's prepetition creditors will not be prejudiced by the debtor's post-petition spousal support payments form post-petition assets and earnings. The only parties who will be affected by the payment or discharge of the distributive award are the debtor and his former wife. The latter will lose the benefit of the marital award to which the state court believed she was entitled.

The state court in this case determined that the plaintiff is entitled to this award because of the "support, sacrifice and services as a homemaker", not to mention the monetary contributions, the duration of the marriage and the probable future circumstances of both of the parties. *Raff v. Raff*, Index No. 4337/83 at 3–4 (June 26, 1987) (G.Delaney, J.S.C.). This standard appears to based upon the standard set in the *O'Brien* case. *O'Brien v. O'Brien*, 498 N.Y.S.2d at 746–49, 489 N.E.2d 715–18. The *O'Brien* case, in determining the amount of the distributive award, specifically stated that the amount of actual money invested by the wife in to support the husband is merely one component of determining the award. The court stated,

> If the license is marital property, then the working spouse is entitled to an equitable portion of it, not a return of funds advance. Its value is the enhanced earning capacity it affords the holder and although fixing the present value of that enhanced earning capacity may present problems, the problems are not insurmountable.

*O'Brien v. O'Brien*, 498 N.Y.S.2d at 749, 489 N.E.2d at 718.

As with alimony, the future support of the plaintiff is at issue, not in terms of a "need" for support which is not relevant to a decision pursuant to section 523(a)(5), *See In the Matter of Stranathan*, 15 B.R. at 225 ("I note that § 523(a)(5) does not contain a "needs" test, ..."), but in terms of the spouse's expectation that her standard of living would be improved by aiding her spouse in acquiring a professional degree. Both the state court in this case and the *O'Brien* court considered the probable future circumstances of the spouses, in addi-

tion to other factors. Each spouse is entitled to acquire support and benefits from the enhanced standard of living the debtor is able to acquire. *See In re Goin,* 808 F.2d at 1393 (This case holds that the wife who received alimony is entitled to a standard of living to which the wife and children had become accustomed). Similarly, a spouse is entitled to alimony and support to satisfy the expectation of income which she worked to help both the spouses to receive. Additionally, the debtor's obligation has the earmarkings of alimony in that it is paid directly to the spouse and is intended to support the spouse after the divorce. Merely because the support is in the form of an annuity does not change the fact that it is in the nature of alimony and support. *See In re Goin,* 808 F.2d 1391, 1393 (10th Cir.1987); *In re Singer,* 787 F.2d at 1034–35. Therefore, the award of a percentage of the present value of the medical degree is in the nature of alimony and support and is nondischargeable pursuant to 11 U.S.C. § 523(a)(5).

## CONCLUSIONS

1. This court has jurisdiction over the subject matter and the parties pursuant to 28 U.S.C. § 1334 and 28 U.S.C. § 157(b). This is a core proceeding under 28 U.S.C. § 157(b)(2)(I).

2. The distributive award awarded to the plaintiff by the state court providing that the plaintiff receive a 25% interest in the present value of the debtor's medical degree and license is in the nature of alimony, maintenance and support and is nondischargeable pursuant to 11 U.S.C. § 523(a)(5).