**In the Matter of Jesse M. HILSEN, Debtor.**

**Rita HILSEN, Plaintiff,**

v.

**Jesse HILSEN, Defendant.**

**Bankruptcy No. 87–B–11261 (CB). Adv. No. 89–6026A.**

United States Bankruptcy Court, S.D. New York.

Dec. 3, 1990.

As Corrected Jan. 17, 1991.

Law Offices of Gary Ginsburg, New York City by Gary Ginsburg, for debtor, defendant.

Law Offices of Leo Fox, New York City by Leo Fox, for plaintiff.

## DECISION ON MOTION FOR SUMMARY JUDGMENT

CORNELIUS BLACKSHEAR, Bankruptcy Judge.

Plaintiff, Rita Hilsen, filed a motion for partial summary judgment with respect to the first cause of action seeking (1) a declaration of non-dischargeability under Section 523(a)(5) of the Code, of items awarded to her in her divorce proceeding, pursuant to a State Court judgment, dated August 3, 1988; and (2) a dismissal of the defendant's Second Affirmative Defense.

The defendant, Jesse Hilsen (the "Debtor" or "Defendant"), opposes only two of Plaintiff's points: that the $3,000 per month retroactive award granted by the state court judge is non-dischargeable support and that the Defendant's Second Affirmative Defense should be dismissed, as a matter of law.

## FACTS

On July 1, 1987, the Debtor filed a petition under chapter 11 of the Bankruptcy Code. By Order, dated November 16, 1988, the case was converted to a chapter 7 case. By summons and complaint, dated August 14, 1989, Rita Hilsen, Debtor's former wife, commenced an action in the bankruptcy proceedings seeking both a declaration of non-dischargeability for spousal and child support and related items and an objection to discharge. Defendant interposed an answer denying the allegations and asserting as an affirmative defense that Plaintiff sold certain property of the estate without court permission and, thus, had unclean hands.

At the filing of the chapter 11 petition, there was pending in New York State Supreme Court a matrimonial action, which had been commenced by the Debtor enti-

tled, *Jesse Hilsen v. Rita Hilsen*, (Index No. 68736/84). Although a trial had been held in the State Supreme Court before Justice Altman, she had not yet rendered her decision as of the filing of the chapter 11 petition. Pursuant to an application to this Court, the stay was lifted upon Stipulation of the Debtor to permit State Court Justice Altman to render her decision. Judge Altman, in her Decision, dated April 28, 1988, her Findings of Fact and her Judgment, dated August 3, 1988, gave judgment to Mrs. Hilsen with respect to a number of different items.

Justice Altman awarded Mrs. Hilsen the following:

(1) spousal maintenance award of $750 per week for life [*see* Justice Altman's Decision at 3];

(2) child support award of $200 per week, retroactive to January 1, 1987, provided that "[w]hen Daryl reaches 21 or graduates from college, that amount shall be reduced to $125/week and shall continue until Erik reaches 21 or graduates from college." [*Id.*];

(3) medical insurance for the children, Daryl and Erik [*Id.* at 4];

(4) coverage for Mrs. Hilsen and her children on all past due and continued life insurance coverage on Dr. Hilsen's life [*Id.*];

(5) legal and accountant's fees incurred by Plaintiff, as found to be due by Defendant by State Court Justice Altman, and incurred subsequently in connection with the prosecution and attempt to collect the above stated sums [*Id.* at 7];

(6) past due mortgage and maintenance of $3,000 per month, from the period February 1, 1986 to August 3, 1988, or $90,000, on the East 85th Street property which was awarded to Mrs. Rita Hilsen as her home [*Id.* at 4].

### DISCUSSION

Rule 56 of the Federal Rules of Civil Procedure, incorporated into bankruptcy litigation by Bankruptcy Rule 7056, provides that summary judgment shall be rendered if:

[P]leadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.

Fed.R.Civ.P. 56(c).

Rule 56(c) specifies that to preclude summary judgment, the fact in dispute must be material. Materiality goes to the "outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).

In the instant case, there are no material facts or issues which would work to deny the motion for summary judgment. Accordingly, summary judgment will hereby be granted in favor of the Debtor.

### I. *Retroactive Temporary Spousal Maintenance*

The first issue presented is whether the retroactive payment is to be construed as a support obligation and, therefore, non-dischargeable, or a property settlement which is dischargeable under the Code. Section 523(a)(5) of Bankruptcy Code 11 U.S.C. § 523(a)(5), excepts from discharge, a debt:

(5) to a spouse, former spouse, ... for alimony to, maintenance for, or support of such spouse or child, in connection with a ... divorce decree or other order of a court ... but not to the extent ...

(B) such debt includes a liability designated as alimony, maintenance or support, unless such liability is actually in the nature of alimony, maintenance or support.

11 U.S.C. § 523(a)(5).

■ Exception under § 523 should be strictly construed against objecting creditors and liberally in favor of the Debtor, in order to maintain consistency with the liberal nature of the bankruptcy system. *See In re Rahm*, 641 F.2d 755, 756–57 (9th Cir.), *cert denied, Gregg v. Rahm*, 454 U.S. 860, 102 S.Ct. 313, 70 L.Ed.2d 157 (1981).

■ Naturally, the starting point in this Court's analysis is the applicable judgement or settlement agreement which issued

the award. *In re Raff*, 93 B.R. 41, 45 (Bankr.S.D.N.Y.1988). Ultimately, however, federal law will determine the dischargeability of the debt. *Id.*

■ While the state court may characterize the award pursuant to state law, a bankruptcy court is not bound by a state court's characterization. *In re Williams*, 703 F.2d 1055 (8th Cir.1983). "Congress' mandate that federal bankruptcy law considerations must be determinative in dischargeability issues, convinces us that a more searching inquiry is required than merely applying traditional factors borrowed from state law." *In re Calhoun*, 715 F.2d 1103, 1109 (6th Cir.1983). In other words, the bankruptcy court must look to substance over form. *In re Spong*, 661 F.2d 6, 9 (2d Cir.1981). Therefore, in the instant case Judge Altman's label "temporary spousal maintenance" of the award is not dispositive.

The bankruptcy courts have considered several factors when determining whether an award is more akin to a support obligation or a property settlement. These factors include:

(1) whether the payments are retroactive or prospective;

(2) whether the obligation was to terminate in the event that the wife remarries or dies;

(3) whether the debt was payable to a third party;

(4) the size of the award; and

(5) whether the debt was payable in installments over a substantial period of time, or a lump sum payment.

*Shaver v. Shaver*, 736 F.2d 1314 (9th Cir. 1984); *In re Grijalva*, 72 B.R. 334 (S.D.W. Va.1987); *In re Freyer*, 71 B.R. 912 (Bankr.S.D.N.Y.1987); *In re Ramey*, 59 B.R. 527 (Bankr.E.D.Ark.1986); *In re Mineer*, 11 B.R. 663 (Bankr.D.Colo.1981); *In re Snyder*, 7 B.R. 147 (W.D.Va.1980).

■ The "temporary spousal" payments are intended to satisfy the mortgage and maintenance indebtedness relating to property that was owned solely by the Debtor prior to the divorce decree, which makes the payment retroactive and not prospective. These payments are to continue until the arrearages on the mortgage, starting as of February 1986 until the date of the state court decision, August 1988, a total of 2½ years, are satisfied. Support is defined as "[f]urnishing funds or means for maintenance; to maintain; to provide for; to enable to continue; to carry on." BLACK'S LAW DICTIONARY 1609 (4th ed. 1968) (*citing State v. Hinkle*, 161 Wash. 652, 297 P. 1071 (1931)). Retroactive payments satisfy past due obligations, they do not provide for future support or maintenance. Consequently, retroactive payments do not evidence support.

In addition, this property did not become the marital residence until Judge Altman's decision was rendered, at which time the accruing of "temporary spousal maintenance" would be calculated to determine the total amount the Debtor would be required to pay. In essence, Judge Altman held the Debtor liable only for amounts due on the property when it was solely owned by him and not when the property became marital property. In a case closely analogous to this one, the Court held that if "[t]he payment of the debts of the marriage was already the legal obligation of the husband ... [this] ... should be classified as a division of property." *In re Evans*, 4 B.R. 232 (Bankr.S.D.Ala.1980) *citing Haynes v. Haynes*, 360 So.2d 1016 (Ala.Civ. App.1978).

Moreover, the Plaintiff would never be obligated to cure the mortgage defaults. The residence is property of the Debtor's estate. In the event that the Mortgage obligation is assumed, pursuant to section 365 of the Code, which the chapter 7 trustee has done, the obligation to cure all defaults falls upon the Debtor's estate and not the Plaintiff.

These payments may be indicative of support because the payments are necessary to insure that the Plaintiff and the children have a roof over their heads. The weakness in this argument, however, is highlighted by the fact that the State Court's decree held Mrs. Hilsen liable for the maintenance and finance payments once she took possession, which was to

occur when the decree was rendered. This indicates that Judge Altman felt that the alimony and child support already awarded were sufficient for Mrs. Hilsen to make the required payments, and she did not need further support. If Judge Altman had felt that the amount of alimony and child support awarded to Mrs. Hilsen would not be enough to make these payments, then she could have made Mr. Hilsen's "temporary spousal payments" both retroactive and prospective and, hence, required Mr. Hilsen to make all future payments or at least a portion thereof, as well.

Although the foregoing factors make the property settlement argument quite persuasive, other factors must be examined, such as whether the "temporary spousal maintenance" is a short-term obligation and whether the obligation would terminate upon death or remarriage of the Plaintiff.

The Court in *Shaver v. Shaver, supra,* 736 F.2d at 1317, stated that "support payments tend to mirror the recipient spouse's need for support. Thus, such payments are generally made directly to the recipient spouse and are paid in installments over a substantial period of time." In the instant case the payments are to be paid over 2½ years or until the mortgage arrearage on the property, as of February 1986 until the date of the judgment, is fully satisfied. This is a short term obligation that does not mirror the spouse's need for support. In *In re Ramey,* 59 B.R. 527 (Bankr.E.D. Ark.1986), the Court held that because the debt was a short-term obligation, 36 months, payable to a third party, and not terminated upon the death or remarriage of the wife, that it fell within the property category and was, therefore, dischargeable under 11 U.S.C. § 523.

Additionally, Judge Altman's award of "temporary spousal maintenance" was not referenced to the death or remarriage of the Plaintiff. "A property settlement would not be affected by the personal circumstances of the recipient spouse; thus a change in those circumstances would not affect a true property settlement, although it would affect the need for support."

*Shaver v. Shaver,* 736 F.2d at 1316. By not referencing the award to any changes in the spouse's circumstances, it can be inferred that the State Court deemed this award to be a property settlement.

■ Another factor that should also be considered is whether payments are to be made to third parties. The "temporary spousal maintenance" payments are to be made to third parties, the Co-Op Board at 35 East 85th Street and the mortgage bank, and not directly to the spouse. Third party payments, however, are in and of themselves not an indicia of a property settlement. The court must look to the entire set of facts. Payments do not have to be payable to the spouse directly because the "well-established principle of bankruptcy law [is] that dischargeability must be determined by the substance of the liability rather than its form." *In re Spong,* 661 F.2d 6, 9 (2nd Cir.1981).

The amount of the state court's alimony and child support award can also be indicative of whether additional monetary awards should be considered support or property settlement. *In re Grijalva,* 72 B.R. 334, 337 (S.D.W.Va.1987) (the court held that the payment of child support and alimony totalling $1,900 a month [not including the health and dental insurance coverage] was so substantial that it "militates against a conclusion that the mortgage payments were intended to be in the nature of alimony, maintenance or support. Rather, the totality of the circumstances convinces the Court that the [mortgage] payments bear more of the characteristics of a property settlement.")

The State Court's decree is further evidence that the "temporary spousal maintenance" should be deemed a property settlement. The state court decision held the Plaintiff liable for future mortgage and maintenance payments which indicates that Judge Altman felt that she had awarded enough alimony and child support to cover these future obligations. The "temporary spousal maintenance" is *not* necessary to insure a home for the spouse and minor children.

Additionally, the tone of Judge Altman's decision seems to indicate that the "temporary spousal maintenance" provision was included as a punitive remedy, and not an attempt to balance incomes. Evidence of this can be found in the court's "findings of fact and conclusions of law" where Judge Altman stated,

[t]hat as long as he [Mr. Hilsen] felt it suited his purposes, plaintiff maintained payments on his real estate investments, but that as the reality set in that those investments were potentially subject to equitable distribution, plaintiff abandoned all semblance of financial responsibility disregarded a number of pendente lite court orders directing maintenance and child support, appears to have secreted money and shows no responsibility to his family obligations.

*Hilsen v. Hilsen*, Index No. 68736/84, I.A.S. Part 14 (MJA) at 12 (findings of fact and conclusions of law).

In conclusion, all of the foregoing factors alone would not be enough to illustrate that the "temporary spousal maintenance" provision was really a property settlement, but when all of the factors, retroactive payments, short term obligation, payment not referenced to remarriage or death, payments made to third parties and a relatively large alimony and child support award, are considered together, they lead to only one conclusion: that the award is a property settlement and, therefore, dischargeable under the Code.

II. *Second Affirmative Defense*

The Court deems it unnecessary to address the Defendant's second affirmative defense in light of its above findings.

Settle Order on five (5) days' notice.