In re Stephen I. SILBERFEIN, Debtor.

Philip L. FRIEDMAN, Plaintiff,

v.

Stephen I. SILBERFEIN, Defendant.

Bankruptcy Nos. 91 B 10013(TLB), 91–5355 A.

United States Bankruptcy Court, S.D. New York.

April 7, 1992.

Weltman & Moskowitz by Michael Moskowitz, New York City, for plaintiff.

Stephen I. Silberfein, Winick & Rich, P.C., pro se.

### DECISION ON MOTION FOR SUMMARY JUDGMENT

TINA L. BROZMAN, Bankruptcy Judge.

Stephen Silberfein, the defendant and debtor in this proceeding, was divorced from Barbara Silberfein on October 30, 1990. On January 2, 1991, the defendant filed a voluntary petition under Chapter 7 of the Bankruptcy Code. Philip Friedman, the plaintiff, represented Ms. Silberfein in the divorce action and claims that accord-

ing to the terms of the separation agreement, the debtor owes him $20,000 in attorney's fees. Friedman now moves for summary judgment, arguing that, in New York, legal fees are within the ambit of alimony, maintenance or support and therefore are not dischargeable under section 523(a)(5) of the Bankruptcy Code.

Pursuant to Fed.R.Civ.P. 56(c), made applicable to these motions by Fed. R.Bankr.P. 7056, summary judgment can be granted only where there exist no genuine issues of material fact. Summary judgment must be denied where the facts in dispute will affect the outcome of the suit under governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). The burden of clearly establishing the absence of a genuine issue as to any material fact rests on the moving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970). In considering a motion for summary judgment, the court does not seek to resolve disputed issues of fact, but rather to assess whether there are any triable factual issues, while resolving ambiguities and drawing reasonable inferences against the moving party. *Knight v. U.S. Fire Insurance Co.*, 804 F.2d 9, 11 (2d Cir.1986), *cert. denied*, 480 U.S. 932, 107 S.Ct. 1570, 94 L.Ed.2d 762 (1987); *Western World Insurance Co. v. Stack Oil, Inc.*, 922 F.2d 118 (2d Cir.1990).

Some of the salient facts here are uncontested. Article VIII of the separation agreement, titled Support and Maintenance, called for the debtor to pay Ms. Silberfein $1,350 a month, plus utilities and a telephone allowance, until such time as the debtor sold the marital residence. Upon the closing of the anticipated sale of the house, the debtor would be entitled to retain the net proceeds after paying all closing expenses, liens, repayment of a $10,000 advance made by George and Ann Silberfein, $3,750 to Ms. Silberfein and $20,000 to Friedman. Article XV of the separation agreement provides that the $20,000 which Friedman seeks to declare nondischargeable was to be paid to the plaintiff, "on behalf of the wife," and that

Ms. Silberfein herself would be responsible for any legal fees incurred by her beyond that amount.

Section 523(a)(5) of the Bankruptcy Code provides in pertinent part that a discharge under section 727 does not discharge an individual debtor from any debt to

> a ... former spouse ... for alimony to, maintenance for, or support of such spouse ... in connection with ... [a] divorce decree or other order of a court of record, determination made in accordance with State or territorial law by a governmental unit, or property settlement agreement, but not to the extent that— ... (B) such debt includes a liability designated as alimony, maintenance, or support, unless such liability is actually in the nature of alimony, maintenance, or support; ...

11 U.S.C. § 523(a)(5). While alimony, maintenance or support are not dischargeable, property settlements are. *See, e.g., In re Peters,* 133 B.R. 291, 294 (Bankr.S.D.N.Y. 1991); *In re Raff,* 93 B.R. 41, 44 (Bankr. S.D.N.Y.1988). Thus, the relevant inquiry in this case is whether the payment of the legal fee is in the nature of support or rather of a property settlement. If it is part of a property settlement or has some other purpose, then it is dischargeable. *Lindh v. Brenegan (In re Brenegan),* 123 B.R. 12, 14 (Bankr.D.Del.1990), citing *In re Barac,* 62 B.R. 713, 716 (Bankr.E.D.Mo. 1985)

■ The complaining party bears the burden of proof in establishing that the debts in question are not dischargeable, since the court must begin with the assumption that discharge is favored in bankruptcy. *In re Freyer,* 71 B.R. 912, 916 (Bankr.S.D.N.Y.1987). The distinction between the two types of debts often is difficult to draw. The legislative history of section 523 indicates that what "constitutes alimony, maintenance or support, will be determined under the bankruptcy law." H.R.Rep. No. 95–595, 95th Cong. 1st Sess. at 364 (1977), U.S.Code Cong. & Admin.News, 1978, pp. 5787, 6320. A bankruptcy court is not bound by the characterization of the debt under state law, *Raff* at

45, (citing *Williams v. Williams (In re Williams),* 703 F.2d 1055 (8th Cir.1983)), nonetheless, reference may be made to state law to provide guidance. *Forsdick v. Turgeon,* 812 F.2d 801, 802–803 (2d Cir. 1987).

■ In determining whether an award is a property settlement or in the nature of alimony, maintenance or support, courts have focused on a lengthy list of factors, relying on those that are significant with respect to the items in question. In numerous instances, the critical factors considered where the spouses have entered into a separation agreement include:

> (1) whether the obligation terminates on the death or remarriage of either spouse; (2) the characterization of the payment in the decree and the context in which the disputed provisions appear; (3) whether the payments appear to balance disparte [sic] income; (4) whether the payments are to be made directly to the spouse or to a third party; (5) whether the obligation is payable in lump sum or in installments over a period of time; (6) whether the parties intended to create an obligation of support; (7) whether an assumption of a debt has the effect of providing the support necessary to insure that the daily needs of the former spouse and any children of marriage are met; and (8) whether an assumption of debt has the effect of providing the support necessary to insure a home for the spouse and minor children.

*Freyer,* 71 B.R. at 918 (citations omitted). The court should examine the intent behind the award and the substance of the obligation to determine whether it has the effect of providing support. *Raff,* 93 B.R. at 45

Friedman relies on *In re Spong,* 661 F.2d 6 (2d Cir.1981) for the proposition that legal fees in New York are alimony and thus non-dischargeable. *Spong* involved a stipulation of settlement ending a contested divorce proceeding which called for the husband to pay the wife's legal fees plus costs. Friedman points to specific language in the opinion "[I]t would be exalting form over substance to fail to treat [the debtor's]

agreement to pay his wife's counsel as a 'debt ... to a spouse ... for alimony ... maintenance ..., or support,', and that, therefore, it is nondischargeable in bankruptcy." 661 F.2d at 11. In *Spong,* the only issue on appeal was whether legal fees which the bankruptcy court had found to be in the nature of alimony were outside the protective embrace of the exception to dischargeability because the fees were to be paid to the wife's attorney and not to the wife.

■ The question posed in this case is whether attorney's fees should *always* be classified as alimony. The dissent in *Spong* read the majority opinion as declaring that the issue was, effectively, one of law. But I agree with the court in *In re Wadleigh,* 68 B.R. 499 (Bankr.D.Vt.1986), that the majority opinion in *Spong* did not go so far as to establish absolutely that counsel's fee in connection with a divorce is alimony, maintenance or support. Rather, as *Wadleigh* sets forth, *Spong,* like the New York Domestic Relation Law, "requires [the court] to determine if the award of counsel fees to the debtor's spouse was a necessary concomitant to her ability to defend or maintain her matrimonial action, and therefore an inescapable duty of the debtor to support his former spouse." 68 B.R. at 503. *But cf. In re Katz,* 119 B.R. 22 (Bankr.S.D.N.Y.1990); *In re Schwartz* 53 B.R. 407 (Bankr.S.D.N.Y.1985) (in both cases, the fees were awarded by the state court in conjunction with the equitable distribution determination, unlike in *Wadleigh* ).

The law in this area has evolved somewhat since *Spong* was decided, in great part relying on *Spong,* as interpreted in *Wadleigh.* Thus, bankruptcy courts often analyze the law as follows:

> If a debtor is ordered to pay an ex-spouses' attorneys fees incident to a dissolution, and the fees awarded are based upon need, such fees are usually nondischargeable as being in the nature of support.
>
> Attorney fees are not always categorized as support if the award of fees merely balances a property division, and

neither party requires the awarding of fees as additional support. In such a case the fees are likely to be dischargeable.

*Leslie v. Hart (In re Hart),* 130 B.R. 817, 825 (Bankr.N.D.Ind.1991); *see Will v. Miller and Saxton, P.C. (In re Will),* 116 B.R. 254, 256 (D.Colo.1990); *Brenegan, supra,* 123 B.R. at 14. I previously recited a list of criteria which courts in this jurisdiction have used in determining whether a debt represented alimony or a property settlement. *See, e.g., In re Kaufman,* 115 B.R. 435 (Bankr.E.D.N.Y.1990). Courts in other jurisdictions have set forth other "non exclusive laundry lists of checklists or factors for the Bankruptcy Court to consider in distinguishing between nondischargeable support, alimony, or maintenance, and a dischargeable obligation arising out of a division of property." *Hart, supra,* 130 B.R. 817. Such analysis confirms the proposition that a debt for legal fees can, under certain circumstances, be a property settlement.

■ Turning to the case at hand, the factual record is replete with disputes of fact as Friedman's affidavit of January 18, 1992 so plainly demonstrates. See, for example, paragraphs 10, 11 and 12. The parties dispute how the agreement was negotiated, what the expressed motivations were, and why the provision for attorneys' fees was placed where it was in the separation agreement. Nowhere in the separation agreement is the payment of legal fees to Friedman specifically categorized as alimony, maintenance or a property settlement. On the one hand, it is uncontested that there was a disparity in the earnings power of the debtor and his spouse. This weighs heavily in favor of the classification of the fee as alimony. However, the amount of the payment, the fact that it is a lump sum payment, the timing of the payment and the location of the payment in the agreement all could be reflective of an intention by the parties to treat the payment as a property settlement. Because I cannot resolve disputed issues of fact on a summary judgment motion and must draw all reasonable inferences in favor of the non-moving

party, summary judgment is not appropriate here.

SETTLE ORDER in accordance with this decision. The debtor's request for attorneys' fees is denied.