OPINION OF THE COURT
Marylin G. Diamond, J.
Plaintiff husband, Charles Barax, and defendant wife, Sharon Barax, were married on June 8, 1980. The couple have three children from the marriage: twins, Harry and Ariel, born on August 9, 1982; and Eliyahu, born on January 8, 1985.[1] On May 3, 1996, the court granted the parties a judgment of divorce, which recited the terms of the parties’ January 11 and 19 stipulation of settlement except for the bankruptcy provision. The judgment of divorce incorporated the stipulation, but the stipulation survived and did not merge with the judgment of divorce.
Defendant wife cross-moves for an order directing plaintiff husband to comply with the provisions of the stipulation and the judgment of divorce wherein plaintiff husband agreed and was ordered to pay the judgment obtained by the Hebrew Academy of Nassau County against both parents for tuition arrears (the HANC judgment), and defendant wife’s legal fees.[2] Plaintiff husband argues that as a result of the bankruptcy discharge order he obtained in his bankruptcy filing these two obligations have been discharged. In fact, plaintiff husband listed as unsecured claims the $25,000 owed to defendant wife’s attorneys, Jaroslawicz & Jaros, Esq., and the $71,875.42 HANC judgment in his bankruptcy filing. Defendant wife argues otherwise.
The husband does not dispute that this court and its Federal counterpart have concurrent jurisdiction to determine whether a debt is excepted from discharge under section 523 (a) (5) of the 1978 Bankruptcy Code (11 USC), the relevant section for resolution of the present dispute (see, e.g., State of N. Y. Higher Educ. Servs. Corp. v Quell, 104 AD2d 11, 14 [3d Dept 1984]; *1048 Brothers v Tremaine, 188 Bankr 380, 384 [SD Ohio 1995]). Instead, the husband argues that this court lacks subject matter jurisdiction to entertain the issue of dischargeability of these two obligations because there is no pending bankruptcy action, and that the wife should seek resolution of the issue in Bankruptcy Court. The husband’s reliance on Van Gorder v Van Gorder (213 AD2d 893 [3d Dept 1995]) is misguided since in that case, unlike the present situation, a bankruptcy action was never commenced.
Where a debt, such as the obligations in this case, does not fall within the category of debts under section 523 (a) (2), (4), or (6),[3] in which the Bankruptcy Court has exclusive jurisdiction, there is no statutory requirement that compels the wife to return to Bankruptcy Court to resolve the discharge-ability issue of the husband’s obligations (see, State of N. Y. Higher Educ. Servs. Corp. v Quell, supra, 104 AD2d, at 13-15). Moreover, if the husband’s bankruptcy action has in fact concluded, as he claims, the case may be reopened in Bankruptcy Court for the purpose of filing a complaint to determine the dischargeability of a debt in which the State and Federal courts have concurrent jurisdiction, or the issue may be decided in a State or other nonbankruptcy court (4 Collier, Bankruptcy U 523.04, at 523-18 [15th ed 1997]). In proceedings to determine dischargeability pursuant to section 523 (a) (5), the general rule is that the court in which the issue is first presented or capable of presentation through proper filings and proceedings will continue the proceedings to conclusion (Brothers v Tremaine, supra, 188 Bankr, at 384). Here, since the issue of dischargeability of the husband’s obligations for the HANG judgment and legal fees was presented first in State court, this court will decide this issue.
The husband next contends that because the wife never objected in Bankruptcy Court to the discharge of the HANG judgment and the legal fees she cannot now collaterally challenge the discharge of these two obligations pursuant to the discharge order in this court. The husband misses the point. Although the bankruptcy discharge order, which discharged the husband’s debts to third-party creditors, such as HANG and the wife’s counsel, is final as to the relationship between husband and these third-party creditors, the Bankruptcy Court never issued a final determination with respect to relationship *1049 between him and his former wife. In fact, nothing in record remotely suggests that the Bankruptcy Court considered the marital relationship and the obligations assumed in the stipulation and divorce judgment when it issued the discharge order. A determination is still needed as to the dischargeability of these obligations pursuant to section 523 (a) (5).
Section 523 (a) (5) excepts from discharge any debt owed:
"to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree or other order of a court of record, determination made in accordance with State or territorial law by a governmental unit, or property settlement agreement, but not to the extent that * * *
"(B) such debt includes a liability designated as alimony, maintenance, or support, unless such liability is actually in the nature of alimony, maintenance, or support” (11 USC § 523 [a] [5]).
The statute’s exception to discharge of a debt owed to a spouse for maintenance and/or child support represents a departure from the general policy of providing a debtor with a "fresh start” following the bankruptcy and prefers instead the overriding public policy favoring the enforcement of family obligations (In re Sternberg, 85 F3d 1400, 1405 [9th Cir 1996]).
In the stipulation, the husband agreed that he "shall be solely responsible for the judgment to the Hebrew Academy of Nassau County and to eventually obtain a satisfaction of the judgment for the wife, unless the husband shall file for bankruptcy.” The stipulation further provides that the husband agreed to pay the former wife’s legal fees totaling $25,000. The judgment of divorce ordered the husband to "assume sole responsibility for the repayment of a judgment against both parties by the Hebrew Academy of Nassau County.” It did not, however, contain the language "unless the husband shall file for bankruptcy.” The judgment of divorce also ordered the husband to pay the wife’s $25,000 legal fees.
Irrespective of the reference in the stipulation to bankruptcy, because the husband’s obligations are not dischargeable debts covered by section 523 (a) (2), (4), and (6) of the Bankruptcy Code, the issue of the nondischargeability of those obligations remains (Brothers v Tremaine, supra, 188 Bankr, at 383-384; see, 11 USC § 523 [c] [1]). Moreover, the argument that these two obligations have been discharged because they were not *1050 payable directly to defendant wife, but to third parties, is unavailing since no matter to whom they are paid the obligations are not dischargeable if they are in the nature of support (Long v Calhoun, 715 F2d 1103, 1107 [6th Cir 1983]; Pauley v Spong, 661 F2d 6, 9-10 [2d Cir 1981]; Bedingfield v Bedingfield, 42 Bankr 641, 645 [SD Ga 1983] [debts payable to third parties can be viewed as maintenance or support obligations under section 523 (a) (5) as long as the obligation is in the nature of maintenance or support for the debtor’s former spouse and/or child]). The question for this court, then, is whether plaintiff husband’s obligation for the HANG judgment and defendant wife’s legal fees are in the nature of support so as to be excepted from discharge pursuant to section 523 (a) (5) of the Bankruptcy Code even though both are not labeled as support.
The fact that plaintiff husband’s obligation to pay the HANC judgment is not labeled as "child support” is immaterial (Bonheur v Bonheur, 148 Bankr 379, 382 [ED NY 1992]). A court must look beyond mere labels and designations to determine the true nature of the obligation (supra). If the debt is in the nature of support the debt is not dischargeable (supra, at 381). Whether an obligation is in the nature of support within the meaning of section 523 (a) (5) is a question of Federal bankruptcy law, not State law (Brody v Brody, 3 F3d 35, 39 [2d Cir 1993]). That is not to say that State law is to be ignored. Since divorce, alimony, support and maintenance are issues within the exclusive jurisdiction of State courts, Federal courts often refer to developed State law principles of domestic relations in determining whether an underlying obligation is truly in the nature of support for the purposes of the Bankruptcy Code (Pauley v Spong, supra, 661 F2d, at 9).
Here, the HANC debt is the result of a judgment obtained by the school against both parents for unpaid tuition. Since the debt arises out of the educational needs of the children it is beyond cavil that the plaintiff husband’s obligation to pay for this debt is in the nature of child support (see, Proctor v Proctor, 42 Bankr 537, 539 [ED Mo 1984]; see also, Excell v Magee, 98 Bankr 62, 64-65 [MD Fla 1989], affd 111 Bankr 359 [MD Fla 1990]). In fact, section 240 (1-b) (b) (2) of New York’s Domestic Relations Law defines "child support” as "a sum to be paid pursuant to court order or decree by either or both parents or pursuant to a valid agreement between the parties for care, maintenance and education of any unemancipated child under the age of twenty-one years” (emphasis added). Under these circumstances, plaintiff husband’s obligation pursuant to the *1051 stipulation and divorce judgment to pay the HANG judgment is not dischargeable under section 523 (a) (5) of the Bankruptcy Code. Accordingly, plaintiff husband is directed to pay the HANG judgment within 30 days after service upon him of a copy of this order with notice of entry.
With respect to the dischargeability of defendant wife’s legal fees, the United States Court of Appeals for the Second Circuit, reasoning that a spouse’s agreement to pay the other spouse’s legal fees directly to the attorney in a stipulation and divorce judgment, as here, is essential to a spouse’s ability to sue or defend a matrimonial action, has held that such an obligation is to be treated as a form of maintenance and support, and is not dischargeable in bankruptcy (Pauley v Spong, supra, 661 F2d, at 9-11). Under these circumstances, the $25,000 legal fee set forth in the stipulation and divorce judgment is not dischargeable, and, as such, has not been discharged by the bankruptcy discharge order. Accordingly, plaintiff husband is directed to pay all arrears of the $25,000 to defendant wife’s counsel within 30 days after service upon him of copy of this order with notice of entry. The remaining balance shall be paid in accordance with the terms of the stipulation and divorce judgment.

. Harry is a 14-year-old adolescent who suffers from a congenital medical condition known as chronic granulomatous, a serious, rare immunosuppressive genetic disorder that affects males.

. This court denied plaintiff husband’s motion seeking to compel defendant wife to continue enrolling Harry in the Hebrew Academy of Nassau County, an Orthodox Yeshiva Day School, on the ground that the relief sought was not in the best interest of the child. This court granted the balance of the wife’s cross motion.

. These debts arise out of (1) obtaining property by false pretenses or fraud, (2) fiduciary fraud, and (3) willful and malicious injury to property.