**In re Joseph E. SCALIA, Debtor.**

**DOWD & HALLISEY and Donna Kirdahy–Scalia, Plaintiff,**

v.

**Joseph E. SCALIA, Defendant.**

**Bankruptcy No. 896–83512–478.**
**Adversary No. 896–8426–478.**

United States Bankruptcy Court,
E.D. New York.

Nov. 10, 1997.

---

Karen M. Dowd, The Ackerman Law Firm, L.L.C., Westbury, NY, for Plaintiffs.

Ronald D. Weiss, Melville, NY, for Defendant.

*DECISION GRANTING SUMMARY JUDGMENT IN FAVOR OF PLAINTIFFS PURSUANT TO SECTION 523(a)(5) OF THE BANKRUPTCY CODE*

DOROTHY EISENBERG, Bankruptcy Judge.

Plaintiffs, Dowd & Hallisey ("D & H") and Donna Kirdahy–Scalia ("Kirdahy"), brought an adversary proceeding pursuant to Sections 523(a)(5) and 523(a)(15) of the Bankruptcy Code against Joseph E. Scalia, the Debtor herein (the "Debtor" or the "Defendant"), for a determination that the prepetition judgment debt of $12,360.00, plus interest, due from the Defendant to Kirdahy for attorneys fees awarded to D & H in connection with a matrimonial action is nondischargeable in this Chapter 7 case. The Plaintiffs have moved for summary judgment, asserting that there are no genuine issues of material fact to be resolved and that judgment should be rendered as a matter of law. The Defendant filed opposition to the Plaintiffs' Summary Judgment Motion and cross-moved to dismiss this adversary proceeding or, alternatively, to grant summary judgment in favor of the Defendant.

The Plaintiffs' Summary Judgment Motion and the Defendant's Cross–Motion are supported by Local Rule 7056–1 Statements, Affidavits and Memoranda of Law. Plaintiffs filed Opposition to the Cross–Motion, together with a Reply Memorandum of Law. A hearing was held on October 21, 1997 on the Plaintiffs' Summary Judgment Motion and the Defendant's Cross–Motion. After hearing oral argument by counsel, the Court invited the Defendant to file a Supplemental Brief detailing any genuine issues of material fact in dispute that would preclude the Court from granting Summary Judgment, and the Plaintiffs were given permission to respond to the Defendant's Supplemental Brief. No Supplemental Briefs were filed within the allotted time period.

After consideration of all of the aforementioned papers and counsel's oral arguments, the Court grants summary judgment in favor of the Plaintiffs based on the exception from discharge set forth in Section 523(a)(5) of the Bankruptcy Code [1] and denies the Defendant's Cross–Motion to dismiss the complaint and/or grant summary judgment in Defendant's favor. This decision constitutes the Court's findings of fact and conclusions of law pursuant to Fed.R.Civ.P. 52(c), as made applicable herein by Fed. R. Bankr.P. 7052 and 9014.

## THE FACTS

The following facts are undisputed:

1. The Debtor filed a voluntary Chapter 7 petition on May 31, 1996 (the "Filing Date").

2. Kirdahy is the former spouse of the Debtor.

3. In June 1997, the Debtor, who is 55 years old, retired from his position as a high school teacher in the Hicksville School District, where his annual salary was approximately $70,000.[2]

4. The Debtor currently receives pension payments of $46,585.80 per annum and has a tax deferred annuity of $40,000.00.

---

1. As the Court indicated at the October 21, 1997 hearing, there is no need to reach the Plaintiffs' Section 523(a)(15) argument, since it is well established in this Circuit that obligations in the nature of alimony and support may include the duty to pay attorneys' fees to a former spouse in connection with a divorce proceeding and, therefore, are nondischargeable pursuant to Section 523(a)(5). *See In re Spong*, 661 F.2d 6, 8 (2d Cir.1981).

2. On April 15, 1994, the Debtor and Kirdahy entered into an Agreement setting forth their rights, privileges, duties and obligations, with a view to settling the disputes which arose in connection with their divorce proceeding. Article X, Paragraph 1(b) of the Agreement states: "As of the date of the execution of the Agreement, the Husband acknowledges that he is earning the gross sum of $69,210.70 per year less $4,310.30 for F.I.C.A. leaving an income pursuant to the Child Support Standards Act in the sum of $65,201.70. The Husband shall pay twenty-five percent (25%) of said amount; to wit: $313.51 per week as and for child support." (Agreement., p. 12.) Furthermore, Article X, Paragraph 7 of the Agreement states: "The parties agree that in the event that the Husband voluntarily elects to retire before age 65 that such retirement shall not constitute a change of financial circumstances unless a court of competent jurisdiction determines otherwise." (Agreement, p. 15.)

5. D & H represented Kirdahy in the divorce proceedings in the Supreme Court of the State of New York, County of Nassau, styled *Donna D. Kirdahy–Scalia v. Joseph E. Scalia* (Index No. 23133/92) (the "State Court Action").

6. On April 15, 1994, Kirdahy and the Debtor entered into an Agreement settling their matrimonial dispute (the "Agreement") upon the terms and conditions contained therein. Among other things, the Agreement provides that:

(a) "The parties agree that the children shall reside with the Mother and that the Mother shall have sole custody of the infant issue of the marriage, namely: JESSE, born April 9, 1983 and MIKKI, born December 17, 1985, during their minority" (Agreement, Article VIII, para. 1, p. 7).

(b) "The Wife shall have sole and exclusive occupancy of [the] marital residence as well as sole title thereto and the Husband agrees to execute (simultaneously with the execution of this Agreement) a deed and any and [sic] other documents necessary to transfer said residence to the Wife. Thereafter and effective March 1, 1993, she shall be solely responsible for all expenses in connection with said marital residence including, but not limited to, mortgage,[3] taxes, insurance, utilities and telephone.... In consideration thereof, the wife waives all right, title and interest in the Husband's pension and annuity and agrees that she will sign all necessary waivers which are presented to her counsel within thirty (30) days of execution hereof (Agreement, Article XIV, para 2, p. 21).

(c) "As for the support and maintenance of the Wife, the Husband shall pay to the Wife the sum of $75.00 per week, said sum to commence on the Friday immediately following the execution of this Agreement and continuing thereafter each and every Friday for a period of eighty-four (84) months" (Agreement, Article XI, para. A, p. 18).

(d) "The parties agree that the Wife's attorneys may submit an application to have the Husband pay their legal fees in whole or in part. Said application shall be submitted in papers to Judge Goldstein. The Husband's attorney shall have the right to submit opposing papers. The Husband's attorney reserves the right to make a similar application to which Wife's attorney shall have the right to submit opposition papers" (Agreement, Article XVIII, para. 2, p. 25).

(e) "Neither party shall list the other as a dischargeable creditor in any bankruptcy proceeding whether voluntary or involuntary" (Agreement, Article VII, para. D, pp. 6–7).

7. At all times during the negotiation of the Agreement, the Debtor was represented by Neufeld & O'Leary, Denis P. O'Leary, Esq., of counsel (Agreement, p. 24, para. 1).

8. On April 18, 1994, a hearing was held before the Honorable Joseph Goldstein, a Justice of the Supreme Court of the State of New York, at which Kirdahy and the Debtor were present and represented by counsel, to establish the parties' intention and willingness to enter into, and abide by the terms of the Agreement. At the hearing, the Debtor testified that he reached agreement with Kirdahy of his own free will, without any duress or coercion; that he was not under the influence of any medication, drugs or alcohol at the time that he executed the Agreement or initialed any of the changes thereto; that the signature on the Agreement was the Debtor's; that he understood that the Agreement placed upon him certain financial obligations and that he was willing to undertake those obligations; that he was represented by counsel throughout the matrimonial litigation; that he was satisfied with his legal representation, specifically with respect to the negotiation of the

---

**3.** Article XIV, Paragraph 2 provides that, as of April 1, 1994, the marital residence was "subject to a mortgage held by Manhattan Savings Bank in the present balance ... of $23,962.40 requiring monthly payments of $565.91 to cover principal, interest, taxes and insurance." (Agreement, p. 21).

Agreement; and that while he might not be thrilled with all the terms and conditions of the Agreement, he believed them to be in his best interest and the best interest of his children (Tr., pp. 7–10).

9. At the April 18, 1994 hearing before Justice Goldstein, John J. Hallissey, Esq., a member of the firm of D & H, stated for the record, without contradiction, that the parties had agreed that D & H would apply to the State Court for counsel fees; that Debtor's counsel also had the right to apply for counsel fees; that each counsel would have an opportunity to respond to the other's application for fees; and that the counsel fees would be decided by the State Court based upon the attorneys' affidavits (Tr., pp. 11–13).

10. D & H requested counsel fees and disbursements of $18,166.00 (Affidavit of John J. Hallissey, dated April 22, 1994).

11. Neufeld & O'Leary, the Debtor's matrimonial attorneys, had an opportunity to object to the fee application filed by D & H in the State Court Action (Pltiff's Opposition to Cross–Motion, p. 3, para. b).

12. On September 13, 1994, a Judgment of Divorce was granted to Kirdahy, which, among other things, granted to Kirdahy child support of $313.51 per week,[4] spousal maintenance of $75.00 per week, and counsel fees of $12,000.00 to be paid by the Debtor to Kirdahy. The Debtor was directed to pay the counsel fees to Kirdahy within 60 days of service upon his attorneys of the Judgment of Divorce. It also provided that the Agreement would survive and not merge into the Judgment of Divorce. (Judgment of Divorce dated September 13, 1994.)

13. Kirdahy was awarded title to the marital residence as a property settlement, in *consideration for* a waiver of all her rights in and to the Debtor's pension funds[5] and annuity policy.

14. At the time the Agreement was executed, Kirdahy's income was less than $10,000 per annum (Pltiffs' Reply Memo, para. 3, p 4) and the Debtor's income was approximately $70,000..

15. The State Court's award of spousal maintenance to Kirdahy in the amount of $75.00 a week further evidences the disparity in the parties' income at the time the Agreement was executed.

16. On January 11, 1995, the Honorable Joseph Goldstein issued a Short Form Order (the "Order") which granted Kirdahy's motion for a judgment in favor of Kirdahy and against the Debtor for $12,000 for counsel fees (Order dated January 11, 1995). The $12,000 awarded by the State Court represents only a portion of the amounts due and owing by Kirdahy to D & H.

17. A subsequent money judgment in the amount of $12,360.00 (the "Judgment") was docketed on May 26, 1995 in the Nassau County Clerk's office in favor of Kirdahy and against the Debtor (Judgment dated May 26, 1995).

18. From May 26, 1995 to the Filing Date, that Judgment accrued interest at the rate of 9% per annum. Accordingly, as of the Filing Date, the total amount due and owing to Kirdahy from the Debtor was $13,487.64 (the "Debt").

19. There is no judgment in favor of D & H against the Debtor.

20. D & H is listed on the Debtor's Schedule F as a creditor of the Debtor, even though there is no judgment in favor of D & H against the Debtor.

---

4. The Judgment of Divorce specifically states that the basic child support obligation of the Debtor is $357.80 per week, pursuant to D.R.L. Section 240(1–b) and the child support standards promulgated by the Commissioner of Social Services pursuant to Social Service Law Section 111–1, but that the parties voluntarily agreed to child support of $313.51 per week (Judgment of Divorce, pp. 2–3).

5. Based on the 33 years the Debtor was employed by the Hicksville School District, the aggregate amount of pension funds is estimated by Kirdahy at several hundred thousand dollars. However, the Debtor has not disclosed the full value thereof, stating only that he receives a yearly pension of $46,585.80. The Court notes that since it is a New York State Teachers' Pension, the defendant is not required to pay New York State income tax on any amounts he receives from the pension.

21. The Debtor failed to list in his petition the Debt to Kirdahy, as evidenced by the Judgment.

22. The Debtor improperly listed the Debt as due and owing to D & H rather than to Kirdahy in an attempt to discharge the Debt, which violates the express terms of the Agreement.

23. Kirdahy is responsible for the payment of D & H's legal fees of $18,166.00 if and to the extent that they are unpaid by the Debtor.

24. To date, D & H has received $5,745.00 from Kirdahy (Plaintiffs' Response to Interrogatory No. I dated August 1, 1997), including a $3,400.00 retainer. Kirdahy is continuing to pay D & H under an arrangement where she is allowed to pay $100 per month.

25. Kirdahy is the custodial parent for the couple's two children, who are presently 11 and 14 years of age.

26. Kirdahy is employed through Manning Temporary Services at a gross weekly salary of $720.00. As a temporary employee, she receives no employee benefits and must pay for her own health insurance.

27. Kirdahy currently receives $343.56 per week in child support payments from the Debtor. The Debtor is no longer required to pay Kirdahy the $75.00 a week in alimony.

28. Kirdahy's budget indicates that her monthly expenses are $5,179.00. Other than the weekly child support payments received from the Debtor, no one else supports Kirdahy or contributes to her household budget, except for a $10,000 gift from Kirdahy's mother in December 1996 which Kirdahy has been applying to household expenses.

### DISCUSSION

Summary judgment should be rendered "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. 56(c), as made applicable to bankruptcy cases by Fed. R. Bankr.P. 7056. This Court's responsibility is not to resolve disputed issues of fact but to determine whether there are any factual issues to be tried, while resolving ambiguities and drawing reasonable inferences against the moving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158–59, 90 S.Ct. 1598, 1608–09, 26 L.Ed.2d 142 (1970). A party opposing summary judgment has raised a genuine issue of material fact when the record taken as a whole could lend a rational trier of fact to find for the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986). The party moving for summary judgment has the burden of showing that no genuine issue as to a material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). In the instant case, the facts are undisputed and both parties have moved for summary judgment as a matter of law, asserting that there is no genuine issue of any material fact to be decided by the Court. Inasmuch as summary judgment enables a court to streamline the litigation process and to economize its resources, the Court believes that summary judgment is appropriate in this case.

Section 523(a)(5) of the Bankruptcy Code excepts from discharge any debt of an individual debtor

(5) to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree or other order of a court of record, determination made in accordance with state or territorial law by a governmental unit, or property settlement agreement, but not to the extent that—

\* \* \* \* \* \*

(B) such debt includes a liability designated as alimony, maintenance, or support, unless such liability is actually in the nature of alimony, maintenance, or support

. . .

11 U.S.C. Sec. 523(a)(5). It is well settled that, in connection with matrimonial proceedings, attorneys' fees awarded on behalf of one spouse or another are non-dischargeable if they are in the nature of alimony, mainte-

nance or support. *Pauley v. Spong (In re Spong)*, 661 F.2d 6 (2d Cir.1981); *In re Peters*, 133 B.R. 291 (S.D.N.Y.1991), *aff'd*, 964 F.2d 166 (2d Cir.1992); *In re Berman*,. 125 B.R. 74 (Bankr.E.D.N.Y.1991). However, *Spong* did not go so far as to establish absolutely that counsel fees awarded in connection with a divorce are always in the nature of alimony, maintenance or support. *In re Silberfein*, 138 B.R. 778, 781 (Bankr.S.D.N.Y. 1992); *In re Wadleigh*, 68 B.R. 499 (Bankr. D.Vt.1986). Rather, *Spong*, like the New York Domestic Relation Law, "requires the court to determine if the award of counsel fees to the debtor's spouse was a necessary concomitant to her ability to defend or maintain her matrimonial action, and therefore an inescapable duty of the debtor to support his former spouse." *Silberfein*, at 781 (quoting *Wadleigh*, citations omitted). In short,

> [i]f a debtor is ordered to pay an ex-spouse's attorneys fee incident to a dissolution, and the fees awarded are based upon need, such fees are usually nondischargeable as being in the nature of support. Attorney fees are not always categorized as ˙support if the award of fees merely balances a property division, and neither party requires the awarding of fee as additional support. In such a˙ case, the fees are likely to be dischargeable.

*Id.*. Consequently, this Court must determine whether the facts support a determination that the attorneys' fees awarded to D & H in the State Court Action were based on Kirdahy's need. The complaining party bears the burden of proof in establishing that the Debt is not dischargeable, since the Court must begin with the assumption that discharge is favored in bankruptcy. *In re Silberfein*, 138 B.R. at 780 (citing *In re Freyer*, 71 B.R. 912, 916 (Bankr.S.D.N.Y.1987)).

▇ In analyzing whether a debtor's obligation to pay attorneys' fees awarded in a matrimonial action is a dischargeable property settlement or nondischargeable alimony, maintenance, or support, courts in this jurisdiction have considered several factors which "are applied with a view towards a determination of intent; either intent as expressed, or intent as inferred from the function which the obligation appears to fulfill or by the conduct of the parties." *In re Brody*, 120 B.R. 696, 699 (Bankr.E.D.N.Y.1990). The factors include:

> (1) whether the obligation terminates on the death or remarriage of either spouse;
>
> (2) the characterization of the payment in the decree and the context in which the disputed provisions appear;
>
> (3) whether the payments appear to balance disparte [sic] income;
>
> (4) whether the payments are to be made directly to the spouse or to a third party;
>
> (5) whether the obligation is payable in a lump sum or in installments over a period of time;
>
> (6) whether the parties intended to create an obligation of support;
>
> (7) whether an assumption of debt had the effect of providing the support necessary to insure that the daily needs of the former spouse and any children of the marriage are met; and
>
> (8) whether an assumption of the debt has the effect of providing the support necessary to insure a home for the spouse and minor children.

*In re Rosen*, 169 B.R. 512, 519–20 (Bankr. E.D.N.Y.1994) (citing *In re Kaufman*, 115 B.R. 435, 440–41 (Bankr.E.D.N.Y.1990)).

▇ The Debtor's obligation to pay Kirdahy's legal fees is not characterized in the Judgment of Divorce as either a property settlement or as support or maintenance. However, the fact that the Debtor's obligation to pay the legal fees is not labeled as child support is immaterial to a determination of this issue. *In re Bonheur*, 148 B.R. 379, 382 (Bankr.E.D.N.Y.1992). This Court closely examined the Agreement to determine the intent of the State Court and the parties. Analyzing the structure of the Agreement provides little assistance, since the disputed provision concerning attorneys' fees appears in Article XVIII of the Agreement, while the provisions concerning child support appear in Article IX, the provisions concerning additional support appear in Article X, the provisions concerning spousal maintenance appear in Article XI, and the provisions concerning the distribution of

property appear in Articles XIV and XV. Clearly, the Court cannot draw any conclusions about intent from the structure of the Agreement.

The Debtor's obligation to pay the attorneys' fees does not terminate on the death or remarriage of Kirdahy and is payable in a lump sum rather than installments. These factors mitigate in favor of a determination that the attorneys' fees awarded were in the nature of a property settlement. However, these two factors are not determinative.

The award of attorneys' fees to Kirdahy appears to balance the disparate income of the parties. As of the date of execution of the Agreement, the Debtor was earning approximately $70,000 per year, while Kirdahy spent most of her time as the custodial parent of two minor children, worked only on a part-time basis and earned less than $10,000 per year. In this connection, this Court notes the recent case of *Barax v. Barax*, 173 Misc.2d 1046, 663 N.Y.S.2d 783 (Sup.Ct., N.Y.Co. 1997), which reasons that a spouse's agreement to pay the other spouse's legal fees directly to the attorney in a stipulation and divorce judgment is essential to a spouse's ability to sue or defend a matrimonial action and, as such, is to be treated as a form of maintenance and support, and is not dischargeable in bankruptcy. *Id.*, 663 N.Y.S.2d at 786. (*citing Spong*, 661 F.2d at 9–11). Furthermore, it is uncontroverted that there was a disparity in earning power between the Debtor and Kirdahy. This weighs heavily in favor of the classification of the attorneys' fees as alimony, maintenance or support. *In re Silberfein*, 138 B.R. 778, 781 (Bankr.S.D.N.Y.1992).

Adding further weight to the conclusion that the attorneys' fees are in the nature of alimony, maintenance or support is the fact that the Judgment of Divorce directs the Debtor to make payment directly to Kirdahy and not to a third party and, upon his default, the State Court entered a money judgment in favor of Kirdahy.

Finally, the Court finds that if the Debt is discharged and Kirdahy is required to pay the entire amount due to D & H, Kirdahy will not have sufficient funds to meet her monthly expenses, which include, among other things, the mortgage payments on the family home and the daily needs of the couple's two minor children. Kirdahy's monthly expenditures already exceed her monthly income, and she has had to accept assistance from her mother to keep her head above water. Saddling Kirdahy with a debt in excess of $13,000 will have the effect of jeopardizing the quality of life currently enjoyed by the couple's children.

The Debtor does not point to anything in the record to indicate that the award of attorneys' fees was for any purpose other than to enable Kirdahy to support the matrimonial action and has, therefore, not met his burden in demonstrating that the Debt should be discharged.

Based on the foregoing analysis, the Court finds that the Plaintiffs have met their burden in establishing that the attorneys' fees awarded to Kirdahy in the State Court Action were in the nature of alimony, maintenance and support and were not meant to be a property settlement.

The Defendant argues that "[t]he decision by [Justice] Goldstein to require me to pay Kirdahy's legal fees was not pursuant to a hearing or a memorandum decision or any other method whereby [Justice] Goldstein appeared to consider the relative assets and income of the parties" (Scalia Affidavit, para. 6). This argument ignores the facts that (i) the Agreement provides that counsel fees were to be determined by the State Court based upon the papers submitted, and that each party agreed to be bound by the decision of the State Court; (ii) the aforesaid provision of the Agreement was stated for the record at the April 18, 1994 hearing, and was uncontroverted by the Debtor and/or his matrimonial counsel; and (iii) although D & H's application requested $16,950 in fees and $1,141.00 for reimbursement of expenses, the State Court awarded only $12,000 in fees. Consequently, this Court finds that the matter of attorneys fees was fully litigated in the State Court Action and that this Court must give full faith and credit to the Judgment. The full faith and credit mandate is found in 28 U.S.C. Section 1738, which provides in pertinent part that "[t]he records and judicial

proceedings of any court ... of any state ... shall have the same full faith and credit in every court within the United States ... as they have by law or usage in the courts of that state." *Id.* Congress has specifically required all federal courts to give preclusive effect to state court judgments whenever the courts of the State from which the judgments emerged would do so. *Allen v. McCurry,* 449 U.S. 90, 96, 101 S.Ct. 411, 415, 66 L.Ed.2d 308 (1980). Bankruptcy courts fall within Congress' mandate. *In re Farrell,* 27 B.R. 241, 243 (Bankr.E.D.N.Y.1982).

The Debtor's Affidavit indicates that, since his retirement, his monthly expenditures exceed his monthly income and that he is therefore unable to afford the legal fees of D & H and still be able to meet his child support obligations (Affidavit, para.9). The Agreement provides that if the Debtor voluntarily elects to retire before age 65, that such retirement shall not constitute a change of financial circumstances unless a court of competent jurisdiction determines otherwise (Agreement, Article IX, para. 7, p. 15). Thus, if the Debtor feels that the terms of the Agreement are too onerous based upon his current financial situation, he is free to seek the appropriate remedies in State Court, which has retained jurisdiction for purposes of determining issues of support (Judgment of Divorce, p. 6).

### CONCLUSION

1. This matter is before the Court pursuant to Fed.R.Civ.P. 56, as made applicable to bankruptcy cases by Fed. R. Bankr.P. 7056.

2. The Court finds that there is no genuine issue as to any material fact and that the Plaintiffs are entitled to summary judgment as a matter of law excepting from discharge the Debt owed by the Debtor to Kirdahy as being in the nature of alimony or maintenance, pursuant to Section 523(a)(5) of the Bankruptcy Code.

3. The Court also denies the Debtor's cross-motion for summary judgment dismissing the complaint, as the Debtor has not met his burden in showing that the State Court intended the award of attorneys' fees to be a property settlement rather than additional support to Debtor's spouse.

4. In this case there is no need to consider Section 523(a)(15) of the Bankruptcy Code, as that section would only be applicable if this Court deemed the State Court Judgment to be a property settlement and not in the nature of alimony or maintenance.

Plaintiffs' counsel is directed to settle a Judgment in accordance with this decision on seven (7) days' notice to all parties having an interest herein.