Abbe E. CARLIN–BLUME and Harold
H. Newman, Plaintiffs–Appellants,

v.

Andrew C. CARLIN, Defendant.

No. 03 CV 3586(SCR).

United States District Court,
S.D. New York.

July 29, 2004.

Martin P. Ochs, Ochs & Goldberg, L.L.P., New York, NY, for Appellee.

Harold H. Newman, Scarsdale, NY, for Appellant.

*ORDER*

ROBINSON, District Judge.

## I. Background

### A. Procedural History

Andrew R. Carlin (hereinafter "Mr. Carlin"), the appellee in the instant case, commenced matrimonial proceedings against Abbe E. Carlin–Blume (hereinafter "Ms. Blume") in 1991. Ms. Blume was represented in the divorce proceedings by Harold E. Newman, Esq. (hereinafter "Attorney Newman"), and both Ms. Blume and Attorney Newman are the appellants in the instant case (collectively Attorney Newman and Ms. Blume are referred to herein as the "Appellants"). On or about December 21, 1998, Justice Matthew Coppola of the Supreme Court of New York issued a decision (hereinafter "the December 1998 Judgment") which determined that Mr. Carlin and Ms. Blume's marital assets were as follows: a Prudential securities account valued at $29,650.00; Mr. Carlin's one-third interest in real property in Yonkers purchased during the marriage valued at $20,000; an IRA listed at $24,600.00; and a Dean Witter account listed at $3,500. The December 1998 Judgment found that the total of the marital assets was $77,750.00 and stated that $34,987.00 (45% of the total) was to be awarded to Ms. Blume. It further dictated that $11,032.00 of that award was to be paid from the Prudential securities account and the balance of $23,955.00 was to be paid to Ms. Blume in four installments. Additionally Ms. Blume was awarded $2,450.00 in arrears for two months to be paid monthly. Subsequently, Mr. Carlin paid a portion of the December 1998 Judgment.

In December 2001, Mr. Carlin owed Ms. Blume $21,455.00, and Ms. Blume brought suit in the Supreme Court of New York seeking enforcement of the debt.

In December 2001, the Honorable Mark C. Dillon, presiding in the Supreme Court of the State of New York, entered a judgment (hereinafter "the December 2001 Judgment") which was predicated upon the December 1998 Judgment. The December 2001 Judgment stated that (1) Ms. Blume was due a total of $65,565.00 for a money judgment of $21,455.00 plus accrued interest in the amount of $44,110.00 (hereinafter the "Blume Claim") and (2) Attorney Newman was due an award of attorney's fees the amount of $11,865.00 "for the time expended for enforcement including recovery of the cost of the transcript" (hereinafter the "Newman Claim").[1]

On or about January 3, 2002, Mr. Carlin filed a voluntary petition under Chapter 7 of the Bankruptcy Code. On or about March 5, 2002, Ms. Blume and Attorney Newman brought an action in Bankruptcy Court (hereinafter "the bankruptcy proceedings") seeking entry of an order declaring the Newman Claim and the Blume Claim non-dischargeable. The Appellants each asserted claims under Section 523(a)(5) of the Bankruptcy Code.[2] In reaching its decision, the Bankruptcy Court analyzed the Newman Claim under Section 523(a)(5) but analyzed the Blume

---

1. Tr. 140:18–19.

2. Tr. 143: 22–25.

Claim under Subsection 15 of Section 523(a) on its own initiative (it was not pleaded on Ms. Blume's behalf).[3] The Honorable Adlai S. Hardin of the Bankruptcy Court of the Southern District of New York entered an order on or about March 10, 2003 stating that (1) the Newman Claim in the amount of $11, 865.00 was dischargeable pursuant to Section 523(a)(5), and (2) a portion of the Blume Claim in the amount of $21,455.00 was non-dischargeable, but that $44,100.00 of interest earned was dischargeable, under Section 523(a)(15)(A).

## B. Factual Background

Ms. Blume and Mr. Carlin were married in 1982 and divorced in 1993. During their marriage, one child was born, Erin, who was 19 years of age and a sophomore at Fordham University at the time of the bankruptcy proceedings. Following the divorce, Ms. Blume had custody of Erin. Mr. Carlin later took custody of Erin at Ms. Blume's request because Ms. Blume was unable to work and earn a sufficient income due to a medical condition. The Bankruptcy Court found that Mr. Carlin had an obligation to support Erin until she reached the age of 21.

At the time of the bankruptcy proceedings, Mr. Carlin was 71 years of age, in reasonably good health and very alert. However, he was visibly suffering from a number of ailments associated with age which the Court noted had an "inhibiting effect upon his energy and the amount of time that he can devote to his money earning endeavors."[4] Mr. Carlin was formerly a practicing attorney, but he was suspended from practicing for a two year period. That period had expired but Mr. Carlin, as of the time of the bankruptcy

proceedings, had not applied for reinstatement to the Bar. Instead, he had been working as a real estate broker and sought employment as a real estate consultant. In addition to this income, Mr. Carlin received Social Security income. Mr. Carlin testified that his gross earnings in the year 2002 were approximately "$50,000.00 with some $14,000.00 or so of Social Security income...and some modest additional income."[5] Mr. Carlin's assets consisted of a 1998 Mercedes Benz which was purchased new with borrowed money. Mr. Carlin's Chapter 7 petition listed the car as having a value of $15,000 unencumbered, but it was asserted during the bankruptcy proceeding that an acquaintance of his, Ms. Fernandez, loaned Mr. Carlin the money for the car and held a lien on the car. The only other asset of any material value was Mr. Carlin's one-third interest in a parcel of land located in Yonkers. Mr. Carlin testified that the title of the property was held by somebody other than the three people including himself who claim ownership of it, and so the value of that parcel of land was listed as zero in Mr. Carlin's Chapter 7 petition. The Court determined that "some litigation or something" was necessary to determine Mr. Carlin's rights to the property and noted that there was no real evidence as to the value of his interest other than the December 1998 Judgment's listing of it as having a value of $20,000.00.

According to the Bankruptcy Court, in the period of time between the entry of the December 2001 Judgment and the date of the bankruptcy proceedings, Mr. Carlin was unable to pay the Blume Claim from his own resources. The Court further found that as of the day that the Court announced its decision, Mr. Carlin did not

---

**3.** Tr. 145: 22–25.

**4.** Tr. 149:17–18.

**5.** Tr. 150:1–3.

have the resources to pay the Blume Claim out of the income and funds that he had because those funds were necessary to maintain himself and Erin for their reasonable expenses.

In regards to Mr. Carlin's future earning potential, the Bankruptcy Court found that there was "the potential for substantial earning capacity in a person such as Mr. Carlin's position from his activities as a broker." However, his potential future earnings as a broker were unpredictable because of the nature of the real estate business. Additionally, while the Appellants asserted that Mr. Carlin stood to inherit the estate of his aunt, the Bankruptcy Court held that it could not make a finding of fact with regard to Mr. Carlin's prospects as an heir because there was no basis for such a finding.[6] In regards to Ms. Blume's employment situation, the Court noted that she had been unable to work for approximately two years prior to the bankruptcy proceedings because, at that time, she was in "uncertain health."[7] At the time of the proceedings, Ms. Blume was in the process of retraining in order to enable her to get a job in the computer operation field.

## II.   Standard of Review

■       Bankruptcy Rule 8013 provides that "findings of fact ... shall not be set aside unless clearly erroneous." Fed. Bankr.Rule 8013. A lower court's finding is clearly erroneous "when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. Mitchell,* 966 F.2d 92, 98 (2d Cir.1992).

The district court must review the bankruptcy court's findings under a deferential standard and reverse only if its review of the record convinces it that the bankruptcy court clearly erred in making those findings. *In re Brody,* 3 F.3d 35, 38 (2d Cir.1993). Bankruptcy Rule 8013 further provides that on appeal, conclusions of law are reviewed *de novo.*

## III.   The Newman Claim

■       Attorney Newman asserts that the Newman Claim is a non-dischargeable debt under Section 523(a)(5) of the Bankruptcy Act and seeks a reversal of the Bankruptcy Court's finding that the Newman Claim is dischargeable in full. Under Section 523(a)(5), a discharge in bankruptcy does not discharge a debtor from debts "for alimony to, maintenance for, or support of" a former spouse in connection with a divorce decree. 11 U.S.C. Section 523(a)(5). This case presents the question of whether a debt for legal services rendered to the debtor's former spouse for enforcement of a divorce decree is within the nature of alimony, maintenance, or support and thus non-dischargeable under Section 523(a)(5).

■       The court must begin with the assumption that discharge is favored in bankruptcy. *In re Freyer,* 71 B.R. 912, 916 (Bankr.S.D.N.Y.1987). Therefore, the creditor seeking a determination of non-dischargeability under Section 523(a) has the threshold burden of establishing facts necessary to show that the debt falls within the scope of one of the subsections of the statute. *Grogan v. Garner,* 498 U.S. 279, 287, 111 S.Ct. 654, 112 L.Ed.2d 755

---

**6.**   The Appellants claim that Mr. Carlin stands to benefit as the primary, if not sole, beneficiary of the estate of his aunt. However, Mr. Carlin stated that his aunt has not committed herself to make him her heir. Furthermore, Mr. Carlin stated that he might not even survive his aunt because she is only eight years older than him and in good health. Tr. 151:16–24.

**7.**   Tr. 147:6.

(1991). In order for the Newman Claim to be non-dischargeable under Section 523(a)(5), Attorney Newman must prove that the debt meets the three requirements of subsection (5). First, the debt must have been incurred "in connection with a separation agreement, divorce decree or other order of a court of record." 11 U.S.C. Section 523(a)(5). Second, the debt must be "to a spouse, former spouse, or child of the debtor." *Id.* Third, the debt must be "actually in the nature of" (as opposed to simply designated as) alimony, maintenance, or support. Section 523(a)(5)(B).

■ The Bankruptcy Court found that Attorney Newman failed to meet his burden of proof in showing that the Newman Claim was a debt which is actually in the nature of alimony, maintenance or support. Whether a payment is in the nature of alimony, maintenance, or support is a question of fact, and therefore the Bankruptcy Court's findings are reversible only if clearly erroneous. *Bieluch v. Cook*, No. 99–5079, 2000 WL 898899, at *1, 2000 U.S.App. LEXIS 15793, at *3–4 (2d Cir. July 5, 2000). For the reasons stated below, the Bankruptcy Court's decision regarding the Newman Claim passes this Court's clear error review and is affirmed.

### A. Debt incurred in connection with a divorce decree

The Newman Claim was awarded under the December 2001 Judgment that enforced the December 1998 Judgment in Mr. Carlin and Ms. Blume's divorce. Thus, the Newman Claim originated from a divorce decree.

### B. Debt to a spouse, former spouse, or child of the debtor

■ The Newman Claim is not a debt directly owed to the spouse, but it is a debt owed to Attorney Newman for representing Ms. Blume in seeking enforcement of the December 1998 Judgment. The fact that the debtor owes an obligation to a third party does not preclude a determination that such debt might be regarded as an indirect payment to the debtor's spouse in the nature of alimony, maintenance or support. *In re Spong*, 661 F.2d 6, 10 (2d Cir.1981). Therefore, that the Newman Claim is not directly owed to Ms. Blume does not take it out of the exception of Section 523(a)(5). Rather, this Court must determine whether the Newman Claim is actually in the nature of alimony, maintenance or support to determine if the obligation is dischargeable.

### C. Debt which is actually in the nature of alimony, maintenance, or support

[7] Attorney Newman argues that the Bankruptcy Court erred in its decision to discharge his claim on the grounds that New York Domestic Relations Law Section DRL–236B234 states that the enforcement of an order or judgment is support.[8] However, in order for a debt to be non-dischargeable it must be "*actually* in the nature of alimony, maintenance, or support" in addition to being designated as such. Section 523(a)(5)(B)(emphasis added). An obligation's status as alimony, maintenance, or support exempted from discharge by Section 523(a)(5) is a question of federal bankruptcy law separate and distinct from state law, and any label given the obligation, whether by the parties or the state court, is not dispositive." *In re Brody*, 3 F.3d 35, 39 (2d Cir.1993). Therefore, Attorney Newman's sole argument that the Newman Claim is in the nature of support because New York state law names it "support" is without merit. Re-

8. Appellants' Brief pg. 15.

gardless of the debt's state law characterization, the debt must *actually* be in the nature of support.

■ The Bankruptcy Court correctly found that the Newman Claim was not *actually* in the nature of alimony, maintenance, or support based on the evidence presented. The non-debtor spouse opposing the discharge must show by a preponderance of the evidence that such a debt is non-dischargeable pursuant to Section 523(a)(5) on the ground that it is actually in the nature of alimony, maintenance, or support. *In re Silberfein,* 138 B.R. 778, 780 (Bankr.S.D.N.Y.1992).

■ Courts generally consider a variety of factors in determining whether an award is actually in the nature of support, such as:

1. whether the obligation terminates on the death or remarriage of either spouse;

2. the characterization of the payment in the decree and the context in which the disputed provisions appear;

3. whether the payments appear to balance disparate income;

4. whether the payments are to be made directly to the spouse or to a third party;

5. whether the obligation is payable in lump sum or in installments over a period of time;

6. whether the parties intended to create an obligation of support;

7. whether an assumption of a debt has the effect of providing the support necessary to insure that the daily needs of the former spouse and any children of marriage are met;

8. whether an assumption of debt has the effect of providing the support necessary to insure a home for the spouse and minor.

*Silberfein,* 138 B.R. at 780.

In addition to these critical factors, courts make the following analysis: (a) if a debtor is ordered to pay an ex-spouses' attorneys fees incident to a dissolution, and the fees awarded are based upon need, such fees usually are non-dischargeable as being in the nature of support; (b) if the award of attorneys' fees merely balances a property division, and neither party requires the awarding of fees as additional support, the fees are likely to be dischargeable. *Id.* at 781.

The Bankruptcy Court found that there was "no evidence in the record that the indebtedness to Mr. Newman can or ought to be or has been by the Domestic Relations Court characterized as in the nature of support or maintenance." [9] Attorney Newman did not present any evidence to illustrate that based on the above stated considerations, as applied to Ms. Blume, the award was actually in the nature of support. Additionally, he offered no proof that the legal fees were awarded based upon need or were required by Ms. Blume as additional support.

■ The only evidence presented during the bankruptcy proceeding with respect to the Newman Claim was the December 2001 Judgment itself. The December 2001 Judgment states that the Newman Claim was awarded "for the time expended for enforcement including recovery of the cost of the transcript." [10] Any label given to an obligation by the parties or the state court is not dispositive but it is relevant to the determination of dischargeability. *In re Brody,* 3

---

9. Tr. 144:17–20.

10. Tr. Pg. 140:18–20 citing Appellants' Exhibit 7.

F.3d 35, 39 (2d Cir.1993). Therefore, the December 2001 Judgment's lack of characterization as "support" is not determinative of the question. However, it strongly indicates that the award was not intended as support. Attorney Newman did not present any underlying facts to support a characterization contrary to this indication.

Based on the evidence presented at trial and the lack of factual support compelling a different characterization, this Court holds that the Bankruptcy Court's finding in regards to the Newman Claim passes clear error review. Accordingly, this Court affirms the Bankruptcy Court's decision that the Newman Claim is dischargeable under Section 523(a)(5)(B) because it is not actually in the nature of alimony, maintenance, or support.

## IV. The Blume Claim

Ms. Blume seeks a reversal of the Bankruptcy Court's determination that the Blume Claim was partially dischargeable. The Court found that $21,455.00 of the Blume Claim was non-dischargeable and that the accrued interest, in the amount of $44,110.00, was dischargeable. The decision was based upon its finding that Mr. Carlin did not have the ability to pay the Blume Claim in full from income or property not reasonably necessary to support himself and Erin pursuant to 11 U.S.C. Section 523(a)(15)(A).

The Bankruptcy Court's finding that only a portion of the Blume Claim was non-dischargeable is a legal conclusion reviewed by this Court *de novo*. Fed. R. of Bankr.Proc. 8013. Its determination that Mr. Carlin's current and future circumstances render him unable to pay the Blume Claim in full is a finding of fact which is reversible only if this Court finds it clearly erroneous. Fed. R. Bankr.Proc. 8013. This Court affirms the Bankruptcy Court's decision to partially discharge the Blume Claim and holds that its determination regarding Mr. Carlin's inability to pay passes the clear error test.

■ Debts which are not covered in Section 523(a)(5) but are "incurred by the debtor in the course of a divorce or separation or in connection with a separation agreement, divorce decree or other order of a court of record . . ." are not dischargeable. Section 523(a)(15). However, subsection (15) debts are dischargeable if "the debtor does not have the ability to pay such debt from income or property of the debtor not reasonably necessary to be expended for the maintenance or support of the debtor or a dependent of the debtor . . ." Section 523(a)(15)(A). The creditor initially bears the burden of proving that she holds a subsection (15) claim against the debtor. *In re Foto*, 258 B.R. 567, 572 (Bankr.S.D.N.Y.2000) (Hardin). The majority of courts hold that once the creditor spouse proves that the debt falls within subsection (15), the burden then shifts to the debtor spouse to prove his inability to pay under the standards of subsection (15)(A). *Foto*, 258 B.R. at 572.[11]

### A. Mr. Carlin's Inability to Pay

■ This Court affirms the Bankruptcy Court's finding that Mr. Carlin is unable to pay the Blume Claim in full based on its consideration of Mr. Carlin's age, current health condition, current assets and income, potential future earnings, and testimony. In analyzing a debtor's ability to pay out of income or property

---

**11.** The conclusion that the burden shifts from the creditor to the debtor when proving the debtor's inability to pay under subsection (15)(A) follows not only because the evidence to prove the necessary facts lies within the debtor's exclusive control but also from the grammatical structure used by Congress in these subsections. *Foto*, 258 B.R. at 572.

not reasonably necessary for maintenance in support of the debtor and his dependent, a court should not perform a historical search, but should instead examine current circumstances and projected future earning capacity. *In re Foto*, 258 B.R. 567, 574 (Bankr.S.D.N.Y.2000).

At the time of the bankruptcy proceedings, Mr. Carlin was 71 years old and suffered from a number of ailments associated with age. He was working as a real estate broker and earning an unstable income which was supplemented by Social Security. According to Mr. Carlin, he did not expect his earnings to increase dramatically in the future. Additionally, he was solely responsible for the support and education of his and Ms. Blume's minor daughter. The Bankruptcy Court's finding is further substantiated by Mr. Carlin's candid testimony regarding the impact that an order to pay the Blume Claim would have upon him, during which he stated that, "In terms of her getting any money, it would have no impact. I don't have it and she's not going to get money from a bankrupt, I can't give it to her." [12] The Court considered Mr. Carlin's financial situation at the time of the bankruptcy proceedings and his potential future situation and noted that "there is simply no reasonable basis to foresee within any reasonable period of time that this debtor is going to have the capacity to earn a sufficient amount of money within a reasonable period of time to come anywhere near the capacity to pay that $65,600.00." [13]

The Appellants argue that the finding of Mr. Carlin's inability to pay is erroneous because Mr. Carlin's testimony, his diagnosis of ill health, and his source of money were never proven by the submission of any exhibit.[14] Mr. Carlin's declarations were asserted but, according to the Appellants, never actually proven. On appeal, this Court must review the Bankruptcy Court's findings under the clearly erroneous standard and give "due regard...to the opportunity of the bankruptcy court to judge the credibility of the witnesses." Fed. Bankr.Rule 8013. The Bankruptcy Court found that Mr. Carlin's profession as a real estate broker did not render him able to pay the Blume Claim in full. This finding was based on the Court's assessment of Mr. Carlin's credibility. It further found that because Mr. Carlin's profession did present at least the *possibility* of substantial, albeit wholly unpredictable, earnings, that it was inappropriate to discharge the entire amount of the Blume Claim. Under the deferential standard of clear error review, the Bankruptcy Court's finding that Mr. Carlin was unable to pay the Blume Claim in full is affirmed.

## B. Partial Discharge of the Blume Claim

In light of this finding, the legal issue before the Bankruptcy Court was whether or not it is within the appropriate scope of a Bankruptcy Courts' discretion to grant a partial discharge, rather than a discharge in full, from an obligation under Section 523(a)(15). In deciding its approach to partial dischargeability, a relatively unchartered issue in the Second Circuit, the Bankruptcy Court noted that different courts have taken different positions on this issue. Some courts have stated that the law does not allow for a partial discharge approach but rather an all or nothing decision depending on the facts.[15] Other courts have followed the

12. Tr. 122:15–17.

13. Tr. 154:21–25.

14. Appellant's Brief pg. 19.

15. Tr. 153:20–23 (citing *Hill v. Hill*, 184 B.R. 750 (Bankr.N.D.Ill.1995); *In re Silvers*, 187 B.R. 648 (Bankr.W.D.Mo.1995)).

line of reasoning used in *In re Smither* where the court noted that the adoption of an all or nothing approach is clearly contrary to reasonable statutory interpretation as well as the legislative history of 11 U.S.C. Section 523(a)(15). 194 B.R. 102 (Bankr.W.D.Ky.1996). The Bankruptcy Court in the instant case refused to take an all or nothing approach, stating that such an approach is not mandated by Section 523(a)(15). Instead, the Court joined *In re Smither* by holding that "a debtor has an ability to pay an obligation for purposes of 11 U.S.C. 523(a)(15) if the debtor has sufficient disposable income to pay all or a material part of the property settlement within a reasonable amount of time." *In re Smither* 194 B.R. at 107. Therefore, "if the debtor is only able to pay a portion of the subject debt, the Court may discharge or modify the remainder of the obligation."[16]

This Court agrees with the Bankruptcy Court that a partial discharge of the debt is appropriate in this case. To take the other view would only allow for either a full discharge despite an indication that the debtor has the ability to satisfy the debt in part, or no discharge despite an indication that the debtor lacks the ability to fulfill his/her entire obligation. This all or nothing approach is unworkable and undesirable because in both situations the creditor is unjustly disadvantaged. Under the first option, the creditor gets nothing because the debt is simply too large to be satisfied, and under the second option, while the debt is not discharged, the likelihood that the debt will be satisfied is low because of the debtor's proven inability to pay in full. As the Court in the instant case noted in regards to Mr. Carlin, "until he has money to pay a judgment, it doesn't

matter much whether the judgment is dischargeable or not . . ."[17]

Under its partial dischargeability analysis, the Court found that $21,455.00 of the $65,555.00 owed under the Blume Claim was non-dischargeable. The Court's finding that $21,455.00 reflected the amount which Mr. Carlin would have reasonable opportunity to pay was based on the Court's assessment of circumstances such as Mr. Carlin's age, health, obligations to his daughter, and his potential future earnings. The Appellants present no evidence to show that Mr. Carlin has the reasonable opportunity to pay more than $21,455.00 of the Blume Claim. Therefore, this Court finds that the Bankruptcy Court's decision to discharge $44,100.00 and render $21,455.00 non-dischargeable withstands its clear error review.

## V. Conclusion

### A. The Newman Claim

The Bankruptcy Court concluded that the Newman Claim was dischargeable pursuant to Section 523(a)(5)(B) on the ground that it is not actually in the nature of support. That decision passes this Court's clear error review and is affirmed because (a) the evidence presented during the bankruptcy proceeding gave rise to an inference that the Newman Claim was not intended to be an award for support, and (b) the Appellants failed to present any evidence giving factual support to their contention that legal fees were issued as support.

### B. The Blume Claim

The Bankruptcy Court's finding that Mr. Carlin is unable to pay the Blume Claim in full passes this Court's clear error review because the Bankruptcy Court

---

**16.** Tr. 154:10–12.

**17.** Tr. 152:3–5.

committed no clear error in its consideration of various factors which would impact Mr. Carlin's current and future ability to pay. This Court further affirms the decision to render a partial discharge of the Blume Claim because of the unjust detriment deposited on a creditor when the only alternatives are a full discharge or no discharge.

It is So Ordered.